## DISTRICT COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. CROIX

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | ) |
| | ) |
| v. | ) |
| | ) |
| **SERGIO QUNINONES-DAVILA,** | ) |
| **OMY A. GUTIERREZ-CALDERON,** | ) |
| **JOSE R. HODGE, CARMELO CRUZ-VELEZ,** | ) |
| **DANIEL SANTIAGO-COLON,** | ) |
| **JEAN M. CRUZ-ALBERT,** | )   **Criminal No. 2016-0009** |
| **ANIBAL A. VEGA-ARIZMENDI,** | ) |
| **GAMALIER ROHLSEN-ARIZMENDI,** | ) |
| **JOSE LUIS PACHECO MONTES,** | ) |
| **JESUS BURGOS-MONTANEZ,** | ) |
| **ALEJANDRO R. MARVA-ROMERO,** | ) |
| **RAMON LACEN-SANTIAGO,** | ) |
| **JEAN CARLOS VEGA-ARIZMENDI, and** | ) |
| **RADAMES LAZO-GONZALEZ,** | ) |
| | ) |
| **Defendants.** | ) |
| | ) |

**Attorneys:**
**Alphonso G. Andrews, Jr., Esq.,**
St. Croix, U.S.V.I.
    *For the United States*

**Kye Walker, Esq.,**
St. Croix, U.S.V.I.
    *For Defendant Sergio Quninones-Davila*

**Mark L. Milligan, Esq.,**
St. Croix, U.S.V.I.
    *For Defendant Omy A. Gutierrez-Calderon*

**Edward H. Jacobs, Esq.,**
St. Croix, U.S.V.I.
    *For Defendant Carmelo Cruz-Velez*

**Renee D. Dowling, Esq.,**
St. Croix, U.S.V.I.
    *For Defendant Jose R. Hodge*

**Anthony R. Kiture, Esq.,**
St. Croix, U.S.V.I.
    *For Defendant Daniel Santiago-Colon*

**Carl R. Williams, Esq.,**
St. Thomas, U.S.V.I.
    *For Defendant Jean M. Cruz-Albert*

**Eszart A. Wynter, Esq.,**
St. Croix, U.S.V.I.
    *For Defendant Anibal A. Vega-Arizmendi*

**Omodare B. Jupiter, Esq.,**
St. Croix, U.S.V.I.
    *For Defendant Gamalier Rohlsen-Arizmendi*

**Nizar A. DeWood, Esq.,**
St. Croix, U.S.V.I.
    *For Defendant Jose Luis Pacheco Montes*

**Yohana M. Manning, Esq.,**
St. Croix, U.S.V.I.
    *For Defendant Jesus Burgos-Montanez*

**Scot F. McChain, Esq.,**
St. Croix, U.S.V.I.
    *For Defendant Alejandro R. Marva-Romero*

**Semaj I. Johnson, Esq.,**
St. Croix, U.S.V.I.
    *For Defendant Ramon Lacen-Santiago*

**Robert J. Kuczynski, Esq.,**
St. Croix, U.S.V.I.
    *For Defendant Jean Carlos Vega-Arizmendi*

**George H. Logan, Esq.,**
St. Croix, U.S.V.I.
    *For Defendant Radames Lazo-Gonzalez*

**MEMORANDUM OPINION**

**Lewis, Chief Judge**

THIS MATTER comes before the Court on the "Government's Objection to Magistrate's Order Requiring New Detention Hearings," in which the Government argues that the Magistrate Judge's Order entered on May 31, 2016, requiring new detention hearings is contrary to law. (Dkt. No. 95). For the reasons stated below, the Court agrees that the Magistrate Judge's Order is contrary to law and will reverse the same.

### I. BACKGROUND AND PROCEDURAL HISTORY

On December 29, 2015, the Government filed a two-Count Information against the following ten Defendants in Criminal No. 2015-0042: Sergio Quinones-Davila, Omy A. Guitierrez-Calderon, Jose R. Hodge, Jean M. Cruz-Albert, Daniel Santiago-Colon, Anibal A. Vega-Arizmendi, Jose Luis Pacheco-Montes, Gamalier Rohlsen-Arizmendi, Jesus Burgos-Montanez, and Alejandro R. Marva-Romero. (Dkt. No. 43, 15-cr-0042). Each Defendant was charged with either Conspiracy to Possess Controlled Substance with Intent to Distribute (Count 1), Possession of Controlled Substance with Intent to Distribute (Count 2), or both. (*Id.*). Except for Defendant Omy A. Guitierrez-Calderon, each of the other nine Defendants had a detention hearing following motions to detain by the Government, and each was ordered detained.[1]

On May 12, 2016, the Government filed a Redacted Indictment in the above captioned case against the original nine detained Defendants, plus three additional Defendants. (Dkt. No. 6). As to the original nine Defendants who had already been detained, the Indictment retains both of the two charges brought in the previous Information. (*See id.*; Dkt. No. 43, 15-cr-42). Additionally,

---

[1] Defendant Omy A. Guitierrez-Calderon did not have a detention hearing in Criminal No. 2015-0042 because he had not been arrested and remained a fugitive. (Dkt. No. 95 at 2).

the Indictment brings new charges against seven of the original nine Defendants. (*Id.*). During their arraignments in connection with the Indictment, several of the original nine Defendants who were being detained made oral motions for new detention hearings. (*See* Dkt. No. 83 at 2). The Magistrate Judge directed the parties to brief whether new detention hearings were necessary. (*Id.*). Accordingly, the Government filed its "Memo Re Necessity for New Detention Hearing" (Dkt. No. 49), and Defendant Jean Cruz-Albert filed his "Reply to Government's Memorandum Regarding Necessity for New Detention Hearings" (Dkt. No. 74). Defendant Santiago-Colon and Defendant Quinones-Davila filed notices of joinder in which they adopted the applicable arguments in Defendant Jean Cruz-Albert's Reply. (Dkt. Nos. 76, 79).[2]

On May 31, 2016, the Magistrate Judge issued an Order (the "Magistrate Order") in which he rejected the Government's position that no new detention hearings were automatically required for the original nine Defendants who had already been detained. (Dkt. No. 83). In so holding, the Magistrate Judge agreed with the reasoning set forth by Defendant Cruz-Albert in his Reply and stated that "a new indictment filed as a new case does not constitute a superseding indictment as a continuation from the previous case charged by information. Consequently, this new criminal case requires, by law, new detention hearings for all Defendants the government seeks to detain pending trial." (*Id.* at 3). The Magistrate Judge went on to schedule new detention hearings for June 10, 2016. (*Id.*).

On June 6, 2016, the Government appealed the Magistrate Order by filing its "Objection to Magistrate's Order Requiring New Detention Hearings." (Dkt. No. 95). Contemporaneously with its Objection, the Government also filed a "Motion to Stay Order Scheduling Detention

---

[2] None of the other Defendants submitted filings regarding the issue of new detention hearings.

Hearings." (Dkt. No. 96). On June 8, 2016, the Magistrate Judge granted the Government's Motion and stayed the detention hearings. (Dkt. No. 103).

In its Objection, the Government argues that the Magistrate Order is contrary to law and that the filing of the Indictment does not automatically require new detention hearings for the original nine Defendants. (Dkt. No. 95 at 1). The Government begins by asserting that "in the Virgin Islands, an information carries the equivalent legal effect of an indictment . . . since there is no right to be charged by indictment in the Virgin Islands territory." (*Id.* at 5). From this, the Government argues that the Indictment filed in this case "is tantamount to the filing of a superseding indictment" and cites case law for the proposition that "there is no requirement in the Bail Reform Act that the Government move for and the Court repeat an evidentiary hearing on pretrial-detention each time and solely because a defendant is arraigned on a superseding indictment." (*Id.* at 6-7 (quoting *United States v. Frechette*, 1990 WL 3184, at *3 (W.D. Pa. Jan. 9, 1990)) (quotations omitted)).

No Defendants filed a response to the Government's Objection to the Magistrate Order and the time for doing so has passed. Accordingly, the Court will consider the arguments presented by Defendant Cruz-Albert in his Reply. In his submission, Defendant Cruz-Albert argues that the May 12 Indictment does not constitute a superseding indictment but is a new indictment, the filing of which "triggers certain rights and responsibilities for the court, the defendants and the government." (Dkt. No. 74 at 1). "Defendant Cruz-Albert concedes . . . [that] he has not located case law directly on-point to support his position that a new detention hearing for [him] is required . . . [and] therefore relies upon the [Bail Reform Act]." (*Id.* at 3). Defendant Cruz-Albert further concedes that "had the government filed a superseding indictment or even a second or third superseding indictment in [Criminal No. 2015-0042], [he] would not be automatically entitled to

5

a detention hearing" but argues that the filing of the new Indictment here entitles him to a detention hearing. (*Id.*).

## II. APPLICABLE LEGAL PRINCIPLES

Rule 59(a) of the Federal Rules of Criminal Procedure authorizes a district judge to "refer to a magistrate judge for determination any matter that does not dispose of a charge or defense" (*i.e.* nondispositive determinations). Fed. R. Crim. P. 59. If the magistrate judge enters an order pursuant to Rule 59(a) then a party may file objections to the order within 14 days after being served with the Order, or by such other deadline set by the court. *Id.* "The district judge must consider timely objections and modify or set aside any part of the order that is contrary to law or clearly erroneous." *Id.*

Under Rule 59, the clearly erroneous standard is applied to a magistrate judge's finding of fact, while the contrary to law standard applies to findings of law. *See United States v. Chitolie*, 2010 WL 2384550, at *3 (D.V.I. June 8, 2010). "A magistrate's finding of law is 'contrary to law if the Magistrate Judge misinterpreted or misapplied the applicable law.'" *Id.* (quoting *Benjamin v. Esso Std. Oil Co.*, 2009 U.S. Dist. LEXIS 73213, at *6 (D.V.I. 2009)). Such findings of law are subject to *de novo* review. *See Haines v. Liggett Grp. Inc.*, 975 F.2d 81, 91 (3d Cir. 1992) (interpreting the phrase "clearly erroneous or contrary to law" in 28 U.S.C. § 636(b)(1)(A) and noting that "the phrase 'contrary to law' indicates plenary review as to matters of law"); *In re K-Dur Antitrust Litig.*, 2007 WL 5302308, at *10 (D.N.J. Jan. 2, 2007) (interpreting the phrase "clearly erroneous or contrary to law" in Rule 72 of the Federal Rules of Civil Procedure and

noting that "a Magistrate Judge's legal conclusions on a non-dispositive motion are to be reviewed *de novo*").[3]

Under the Bail Reform Act, 18 U.S.C. §§ 3141–3156, pretrial detention of a criminal defendant will be ordered only if, after a detention hearing upon motion by the Government, "a judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e)(1).

---

[3] The Bail Reform Act contains specific provisions (18 U.S.C. § 3145(a) and (b)) for the review of release and detention orders. Specifically, § 3145(a) provides in relevant part that "[i]f a person is ordered released by a magistrate judge," then the Government or the person may file a motion for revocation or amendment of the order. Similarly, under § 3145(b), "[i]f a person is ordered detained by a magistrate judge" then the person may file "a motion for revocation or amendment of the order." In its Objection, the Government states that "[i]t is unclear whether an order requiring a hearing, as opposed to one releasing or detaining an individual, constitutes a 'release or detention order' reviewable under [18 U.S.C. §] 3145" but that the Government moves for review pursuant to that section as well." (Dkt. No. 95 at 1 n.1). However, the Court finds that § 3145 is inapplicable to the current circumstances. By its plain language, subparts (a) and (b) of § 3145 provide for review "[i]f a person is ordered released" or "[i]f a person is ordered detained." The Magistrate Order currently under review provides for neither.

In any event, both § 3145 and Rule 59 provide for the same standard of review. It is well-established in the Third Circuit that § 3145 "contemplates a *de novo* review by the district court of the issues raised on an appeal of a magistrate judge's detention order." *United States v. Wrensford*, 2012 WL 6028628, at *4 (D.V.I. Dec. 4, 2012) (citing *United States v. Delker*, 757 F.2d 1390, 1394 (3d Cir. 1985)). The *de novo* standard contemplated under § 3145 is the equivalent of the "contrary to law" standard under Rule 59 that the Court follows here where the Magistrate Order involves no factual questions. *See Haines*, 975 F.2d at 91 (noting that "the phrase 'contrary to law' indicates plenary review as to matters of law"); *In re K-Dur Antitrust Litig.*, 2007 WL 5302308, at *10 (noting that "a Magistrate Judge's legal conclusions on a non-dispositive motion are to be reviewed *de novo*"). Thus, even if § 3145 provides the appropriate avenue of review here, the Court's conclusion on the merits of the Government's Objection would remain the same.

### III. DISCUSSION

The Court finds that the Magistrate Order requiring new detention hearings, under the circumstances here, is contrary to law and will reverse the same.[4]

At the outset, it is important to set the context for this analysis. In that regard, it is well established that, "in the Virgin Islands an Information and an Indictment are equivalents under the law." *United States v. Hassell*, 2014 WL 463389, at *1 (D.V.I. Feb. 5, 2014) (citing *Ballantine v. Hendricks*, 351 F. Supp. 208, 212 (D.V.I. 1972)); *see also United States v. Flanders*, 2010 WL 4054442, at *7 (D.V.I. Oct. 15, 2010) ("[t]he filing of an information in the Virgin Islands is the *full equivalent* of the presentment of an indictment by a grand jury" (quoting *Rivera v. Government of Virgin Islands*, 375 F.2d 988, 990 (3d Cir. 1967))) (quotations omitted) (emphasis in original). This is so because "residents of the Virgin Islands have no constitutional right to indictment by a grand jury." *United States v. Ntreh*, 279 F.3d 255, 256 (3d Cir. 2002) (citing *Government of the Virgin Islands v. Dowling,* 633 F.2d 660, 667 (3d Cir. 1980) ("In the unincorporated Territory of the Virgin Islands the requirement of the Fifth Amendment for indictment of a grand jury is not applicable.")). Instead, in the Virgin Islands, "all offenses against the laws of the United States and the laws of the Virgin Islands which are prosecuted in the district court . . . may be had by indictment by grand jury or by information." *United States v. Plaskett*, 2008 WL 444552, at *2 (D.V.I. Feb. 4, 2008) (quoting Revised Organic Act § 3, 48 U.S.C. § 1561 (1984)) (quotations omitted); *see also* Fed. R. Crim. P. 1(a)(3)(c) (stating that the Rules of Criminal Procedure govern all criminal proceedings in the district court of the Virgin Islands, "except that the prosecution of offenses in that court must be by indictment or information as otherwise provided by law").

---

[4] The Court notes that the Magistrate Order's ruling that new detention hearings are required because of the new Indictment involves no factual questions but is entirely a legal issue.

Thus, in analyzing the legal effect of the filing of an indictment following an information in *Hassell*, this Court deemed the body of case law regarding supplemental or superseding indictments to be instructive in holding, *inter alia*, that "the Speedy Trial Act clock did not begin anew with the filing of the Indictment." 2014 WL 463389, at *1 (citing *United States v. Lattany*, 982 F.2d 866 (3d Cir. 1992)).[5] The same reliance on case law involving supplemental or superseding indictments is appropriate here.

With this context in mind, the Court notes that neither the Magistrate Order nor Defendant Cruz-Albert's Reply provides any persuasive reason as to why either law or logic supports the conclusion that new detention hearings are required under the circumstances here. Starting first with any logical underpinnings, there is no suggestion as to how holding new detention hearings for the nine original Defendants would serve any useful purpose. It is uncontroverted that the Court has already held detention hearings for each of those Defendants, and found under the Bail Reform Act that "no condition or combination of conditions will reasonably assure the appearance of [each Defendant] as required and the safety of any other person and the community." 18 U.S.C.

---

[5] In his Reply, Defendant Cruz-Albert characterizes *Hassell* as irrelevant to the current analysis by arguing that "[i]n *Hassel*, [*sic*] the Court merely takes note that the Defendants in that case argued that in the Virgin Islands an Information and an Indictment are equivalents under the law." (Dkt. No. 74 at 3). The Court disagrees with this characterization. In *Hassell*, the Court stated: "As Defendants note, in the Virgin Islands an Information and an Indictment are equivalents under the law." 2014 WL 463389, at *2 (citing *Ballantine*, 351 F. Supp. at 212 (citing *Government of Virgin Islands v. Bolones*, 427 F.2d 1135, 1136 (3d Cir. 1970))). The Court then used this premise as the foundation for its holding that the Government gained no "tactical advantage . . . or any circumvention of the Speedy Trial Act . . . from the dismissal of the Information and the filing of the Indictment." *Id.* Defendant Cruz-Albert also asserts that "while the Bolones case dealt with the issue of bail, it relied upon a section of the Bail Reform Act, 18 USC § 3147(b) that has long since been repealed." (Dkt. No. 74 at 3). However, the section of the Bail Reform Act that the Third Circuit addressed in *Bolones* has nothing to do with the legal equivalency of an information and an indictment in the Virgin Islands as that law has been observed in *Bolones* and in several subsequent cases. *See, e.g.*, *Ntreh*, 279 F.3d at 259 (noting the "clear Congressional authorization to proceed by information" in the Virgin Islands); *Flanders*, 2010 WL 4054442, at *7; *Plaskett*, 2008 WL 444552, at *2; *see also* Fed. R. Crim. P. 1(a)(3)(c).

§ 3142(e)(1). It is difficult to imagine—and neither Defendant Cruz-Albert's Reply nor the Magistrate Order explains—how the fact of refiling the same charges in the subsequent Indictment or the addition of new charges to the old charges would alter the result.[6]

The court in *Frechette* confronted a similar situation in which a defendant argued that he was entitled to a new detention hearing based on the filing of a superseding indictment. 1990 WL 3184, at *1. The court rejected the defendant's position, noting that "courts do not view a superseding indictment as having been written on a clean slate, unaffected by the history of the original indictment." *Id.* at *3. The court observed that "as a general rule, a superseding indictment does not extend the government's time to bring the defendant to trial under the provisions of the Speedy Trial Act." *Id.* The court went on to note the following:

> There is no requirement in the Bail Reform Act that the government move for and the court repeat an evidentiary hearing on pretrial detention each time and solely because a defendant is arraigned on a superseding indictment. Frankly, neither law nor logic reveals a reason for doing so.
>
> . . . .
>
> [I]t is pure sophistry to suggest (especially in the instant matter) that the judicial officer's initial finding that no condition or combination of conditions will reasonably assure the defendant's appearance at trial or the safety of the community will alter solely because a grand jury returns a superseding indictment charging the defendant with additional drug offenses. If anything, the superseding indictment tends to bolster the original finding warranting detention.

*Id.*

The Court finds the reasoning in *Frechette* to be applicable here. As noted above, the primary difference between the prior Information and the current Indictment as to the original nine

---

[6] The Court notes that some of the original nine Defendants sought and received further review by the Magistrate Judge of the propriety of their detention. (*See* Dkt. Nos. 120, 141). However, this Memorandum Opinion does not address those issues because the Magistrate Order under review concerns only the legal effect of the May 12 Indictment and whether new detention hearings are required on that basis alone.

Defendants is that the Indictment brings *additional* charges as to some of the nine Defendants. As to each of the nine Defendants, the counts alleged in the Information are also alleged in the Indictment. Under the circumstances, the Court can see no reason why "new" detention hearings in which the same legal standard is applied to the same evidence would produce a different result or serve any beneficial purpose—either with regard to those Defendants who are facing the same charges in the Indictment as in the earlier Information or for those against whom the Indictment brings charges in addition to those asserted in the Information. As the court in *Frechette* concluded, "it is pure sophistry to suggest" that a different result would obtain. *Id.*

Turning to any legal justification, Defendant Cruz-Albert appears to agree with the legal principles articulated in *Frechette* in that he concedes that "had the government filed a superseding indictment or even a second or third superseding indictment in [Criminal No. 2015-0042], [he] would not be automatically entitled to a detention hearing." (Dkt. No. 74 at 2). However, Defendant Cruz-Albert argues that because the new Indictment here was filed in a different case, new detention hearings are required. (*Id.* at 1-2). On this crucial point, the Magistrate Order parallels the analysis of Defendant Cruz-Albert's Reply in that it reasons that the Indictment is not "a superseding indictment as a continuation from the previous case charged by information." (Dkt. No. 83 at 3). Thus, the premise of both Defendant Cruz-Albert's argument and the analysis of the Magistrate Order is that the Indictment is not a continuation from the previously filed Information but should be viewed as having been written on a "clean slate" in a new case in which detention hearings have not been conducted.

This premise is contrary to law. Based on this Court's prior analysis in *Hassell*, the Court finds that, although *Frechette* involved a superseding indictment, the justifications for not

11

requiring a duplicative detention hearing in *Frechette* apply with equal force to the current situation in which an indictment substitutes for an information.

The Court notes that neither the Magistrate Order nor Defendant Cruz-Albert's Reply cites any legal authority for the proposition that an indictment filed in a new case number—by that reason alone—cannot be a continuation of an earlier information. To the contrary, in *Hassell*, this Court held that such a continuation exists for purposes of the Speedy Trial Act. 2014 WL 463389, at *1. The Government in *Hassell* initiated the action by filing a twenty-nine count information against the defendants on February 13, 2013, in Criminal No. 2013-0005. *Id.* In September of 2013, the Grand Jury returned an indictment against the defendants that was "predicated on the same events charged in the Information," and which reduced the number of counts from twenty-nine to twenty-seven. *Id.* The indictment was filed in a new case—Criminal No. 2013-0020. *See id.* The defendants in *Hassell* argued that by filing the indictment the Government gained a tactical advantage by resetting the Speedy Trial Act clock and, therefore, the indictment should be dismissed. *Id.* at *1-2. The Court disagreed, holding that "the Speedy Trial Act clock did not begin anew with the filing of the Indictment." *Id.* at 1. In support of its holding, the Court cited *Lattany* in which the Third Circuit noted that "[w]hen subsequent charges are filed in a supplemental indictment that charge the same offense as the original indictment or one required to be joined therewith, . . . the speedy trial period commences with the original filing." *Hassell*, 2014 WL 463389, at *1 (quoting *Lattany*, 982 F.2d at 873 n.7) (quotations omitted).

The Court finds *Hassell* to be instructive for two related points. First, when determining the legal effect of an indictment which is "predicated on the same events charged in [an] [i]nformation," case law analyzing the legal effect of a supplemental or superseding indictment is informative. *Id.* (citing a decision involving two separately filed indictments to determine the effect

of a new indictment on a previous information). The second point is that where an indictment is predicated on the same acts charged in a previous information and contains the same counts as the information, the indictment is—at least in certain respects—a continuation of the previous information. In other words, the subsequent indictment is not viewed on a clean slate, completely unrelated to the previous information, and this is so even where the information and indictment are assigned two different case numbers.

Neither Defendant Cruz-Albert's Reply nor the Magistrate Order provides any reason why *Hassell*'s reliance on the body of case law involving supplemental or superseding indictments to analyze the substitution of indictments for informations in the Virgin Islands should not be followed here. Nor is there any explanation as to why the analysis for detention hearings here should differ from that involving the Speedy Trial Act clock in *Hassell*.

In light of the foregoing, the Magistrate Order's ruling that the Indictment is not a continuation of the Information for purposes of detention hearings, and thus new detention hearings are automatically required with the filing of the Indictment, will be rejected. Although the Indictment was assigned a new case number, the Indictment is predicated on the same events as the Information, as demonstrated by the fact that the two counts contained in the Information are duplicated in the Indictment as to each of the nine Defendants named in the Information. (*See* Dkt. No. 19; Dkt. No 43, 15-cr-0042). Thus, as in *Hassell*, the new case number assigned to the Indictment does not require the Court to completely separate it from the earlier Information. *See Hassell*, 2014 WL 463389, at *1. Moreover, the fact that the Indictment also brings new counts against seven of the original nine Defendants does not sever the connection between the Information and Indictment as to the original two counts. *Cf. United States v. Stevenson*, ___ F.3d ____, 2016 WL 4191134, at *4 n.4 (3d Cir. Aug. 9, 2016) (noting that a superseding indictment

that re-alleged the same counts and also alleged new counts does not reset the Speedy Trial Act clock as to the original counts). And, as the court in *Frechette* observed in the context—as here—of detention hearings, the additional charges "[i]f anything" would tend to "bolster the original finding[s] warranting detention." *Frechette*, 1990 WL 3184, at *3. Accordingly, when the May 12 Indictment is viewed in its proper context, the Court can discern no reason why the filing of the Indictment automatically entitles the nine original Defendants to "new" detention hearings.

The Court further concludes that the position advanced in Defendant Cruz-Albert's Reply and adopted by the Magistrate Order finds no support in the Bail Reform Act. As noted above, "Defendant Cruz-Albert concedes . . . [that] he has not located case law directly on-point to support his position that a new detention hearing for [him] is required . . . [and] relies upon the [Bail Reform Act]." (Dkt. No. 74 at 3). However, just as the court in *Frechette* found that "[t]here is no requirement in the Bail Reform Act that the government move for and the court repeat an evidentiary hearing on pretrial detention each time and solely because a defendant is arraigned on a superseding indictment," 1990 WL 3184, at *3, this Court finds no requirement in the Bail Reform Act that the Government move for and the Court repeat detention hearings simply because a defendant is arraigned on an indictment that follows the filling of a related information—the latter of which, in the Virgin Islands, "is the *full equivalent* of the presentment of an indictment by a grand jury." *Flanders*, 2010 WL 4054442, at *7 (emphasis in original).

Defendant Cruz-Albert directs the Court's attention to subsections (a) and (f) of 18 U.S.C. § 3142 for the proposition that "[t]he only way a Court may lawfully arrive at [the] decision to detain or release a defendant is to hold a detention hearing pursuant to 18 U.S.C. § 3142(f)," and that such hearing "shall be held immediately upon the person's first appearance before the judicial

14

officer." (Dkt. No. 74 at 2 (quoting 18 U.S.C. § 3142(f)(2)) (quotations omitted)).[7] For the reasons discussed above, Defendant Cruz-Albert's arguments are no more persuasive here than in the context of superseding indictments. If a new detention hearing was automatically required each time a defendant was arraigned before a judicial officer on new charges, then every superseding indictment bringing additional charges would require a new detention hearing. As noted in *Frechette* and conceded by Defendant Cruz-Albert, this is not the law. (Dkt. No. 74 at 2 ("had the government filed a superseding indictment . . . [Defendant Cruz-Albert] would not be automatically entitled to a detention hearing")). Nor is it the law here where an information substitutes for an indictment.

Accordingly, 18 U.S.C. § 3142 does not automatically require new detention hearings under the current circumstances. The Magistrate Order, which finds otherwise, is thus contrary to law.

## IV.    CONCLUSION

For the foregoing reasons, the Court sustains the Government's Objection and finds that the Magistrate Order entered on May 31, 2016 requiring new detention hearings is contrary to law. Accordingly, the Court will reverse the Magistrate Order.

An appropriate Order accompanies this Memorandum Opinion.

Date:   September 12, 2016                _____/s/_____
                                          WILMA A. LEWIS
                                          Chief Judge

---

[7] Defendant Cruz-Albert also argues that the requirement for a hearing under 18 U.S.C. § 3142(f) "was triggered upon the motion for the attorney for the Government." (Dkt. No. 74 at 2). However, the Government in its Objection states that "[c]ontrary to [Defendant Cruz-Albert's] false assertion, the Government did not move for detention anew. It simply requested the Court to continue its prior detention order." (Dkt. No. 95 at 10).