**DISTRICT COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. CROIX**

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| v. ) | |
| ) | |
| **JOSE R. HODGE,** ) | Criminal No. 2016-0009 |
| ) | |
| **Defendant.** ) | |
| ) | |

**Attorneys:**
**Alphonso G. Andrews, Jr., Esq.,**
St. Croix, U.S.V.I.
    *For the United States*

**Renee D. Dowling, Esq.,**
St. Croix, U.S.V.I.
    *For Defendant Jose R. Hodge*

## MEMORANDUM OPINION

**Lewis, Chief Judge**

THIS MATTER comes before the Court on Defendant Jose Hodge's Motion to Sever, filed on May 8, 2017. (Dkt. No. 797). In his Motion, Hodge seeks to sever Count 2 of the Superseding Indictment from the remaining counts included therein. For the reasons that follow, the Court will deny the Motion to Sever.[1]

### I.     PROCEDURAL HISTORY

In May 2016, the Government filed a sealed Indictment against Hodge and other Defendants, charging Conspiracy to Possess Controlled Substance (cocaine powder and marijuana) with Intent to Distribute, Attempted Possession of Cocaine with Intent to Distribute,

---

[1] In a telephonic status conference on May 12, 2017, the Court advised the parties that it would be denying the Motion to Sever with the Memorandum Opinion to follow.

and Possession of Cocaine with Attempt to Distribute. (Dkt. No. 1).[2] Count 2 of the Indictment also charged Hodge with Bulk Cash Smuggling. (*Id.*). On August 24, 2016, the Government filed the First Redacted Superseding Indictment ("Superseding Indictment"), which unsealed the entire indictment except references to one Defendant who was not yet arrested. (Dkt. No. 181). Following the arrest of the final Defendant, the remaining portions of the Indictment were unsealed in April 2017. (Dkt. Nos. 661, 665).

Count 1 of the Superseding Indictment—Conspiracy to Possess Controlled Substance With Intent to Distribute—set forth a number of "Events" which described alleged acts in furtherance of the conspiracy. (Dkt. No. 181-1). Pertinent to the instant Motion, Event No. 1(a) of Count 1— March 2012 Seizure of $83,519 at Henry Rohlsen Airport—alleged the following:

> On March 25, 2012, HODGE and LACIEN-SANTIAGO [sic] attempted to travel from St. Croix, Virgin Islands to St. Martin through Henry Rohlsen Airport. During inspection, law enforcement discovered and seized a total of $83,519 concealed on their persons and inside of LACEN-SANTIAGO's luggage.

(Dkt. No. 181-1 at 5). Count 2 of the Superseding Indictment—Bulk Cash Smuggling—alleged the following:

> On or about March 25, 2012, at St. Croix, in the District of the Virgin Islands, the defendant, JOSE R. HODGE and RAMON LACEN-SANTIAGO while aiding and abetting one another, did, with intent to evade a currency reporting requirement, knowingly conceal more than $10,000.00 in United States currency on their person and luggage and attempted to transport such currency from St. Croix, United States Virgin Islands to a place outside the United States, that is, St. Martin[.]

(*Id.* at 10). Finally, Hodge was also charged in Counts 3 and 5 with Attempted Possession of Cocaine with Intent to Distribute, and in Count 7 with Possession of Cocaine with Attempt to Distribute. (Dkt. No. 181-1).

---

[2] The May 2016 Indictment was preceded by a Complaint filed in November 2015 (Case No. 15-cr-0042, Dkt. No. 1), and an Information filed in December 2015(Case No. 15-cr-0042, Dkt. No. 43).

The deadline for motions in this case was August 31, 2016. (Dkt. No. 155). Trial commenced on May 2, 2017 with jury selection. A jury was selected on May 4, 2017, and sworn immediately before opening arguments began on the scheduled date of Monday, May 15, 2017.[3]

On May 8, 2017, Defendant Jose Hodge filed the instant Motion to Sever (Dkt. No. 797). He argues that, pursuant to Fed. R. Crim. P. 8(a), Count 2, Bulk Cash Smuggling, "is not of the same or similar character as the offenses charged in Counts 1, 3, 4, 5, 6, and 7. Nor is the offense charged in Count 2 based on the same act or transaction as the offenses in all of the other counts in this superseding indictment." (*Id*. at 2). Accordingly, he contends that Count 2 is misjoined with the rest of the Counts and therefore should be severed. (*Id*.) Hodge also claims that this misjoinder of offenses will prejudice him because (1) "proof that he is guilty of one offense may be used to convict him of a second offense, even though such proof would be inadmissible in a separate trial for the second offense;" and (2) he "may wish to testify on his own behalf on one of the offense[s], but not another, forcing him to choose the unwanted alternative of testifying as to both or testifying as to neither." (*Id.*). He specifies that he wishes to testify as to Count 2, but not to the remaining counts." (*Id.* at 3).

---

[3] The Court stood in recess during the week of May 8, 2017 to accommodate counsel for Defendant Gutierrez-Calderon, who had a scheduling conflict. On May 15, 2017, moments before the parties were scheduled to deliver opening statements in the trial of this matter, the Government disclosed for the first time approximately thirty-six documents and twenty-three audio recordings, which it asserted were inadvertently withheld. During the resulting discussion regarding the new discovery, counsel for Defendants informed the Court that they would need three days to review the new discovery, and that they could not present opening statements prior to the review. In view of the foregoing, the Court proceeded with the Government's opening statements on May 15, 2017, but continued further proceedings in the trial until Friday May 19, 2017. The Court subsequently continued the trial until Monday, May 22, 2017, in response to Defendant Quinones-Davila's contention that more time was needed to recast the defense case in light of the Government's untimely disclosure.

On May 8, 2017, Defendant Hodge also filed a Motion for Extension of Time to File Motion to Sever Nunc Pro Tunc. Hodge's counsel, Renee D. Dowling, Esq., included a Declaration in the Motion for Extension of Time in which she averred that, on August 23, 2016, the Government filed a Superseding Indictment under seal (Dkt. No. 190); that the Superseding Indictment "remained under seal and unavailable to Jose Hodge for a period of almost eight months"; that on the eve of trial, the Government moved to unseal the Superseding Indictment; that the identity of the individual defendants alleged to have been involved in the separate counts were then revealed, along with additional discovery documents the Government released just before trial; and that consequently, the Government's theory of prosecution was finally revealed and "it became apparent that there was no nexus between Count 2 and the remaining counts of the Superseding Indictment." (Dkt. No. 799-2). Attorney Dowling concluded that the "need for this motion arose due to the late unveiling of the charging document (Superseding Indictment) in this matter." (*Id.*) This same position as to the reason for the delay in filing the Motion to Sever was reiterated at the May 10th hearing.

In its Response to the Motion to Sever, the Government asserts that Count 2 is properly joined, as the conduct alleged in Count 2 is also alleged as conduct committed in furtherance of the conspiracy in Count 1 and, therefore, Counts 1 and 2 are connected with, and constitute parts of, a common scheme or plan. (Dkt. No. 812 at 3). The Government adds that Hodge's possession of a large amount of money is consistent with its theory that Hodge acquired and distributed drugs for financial gain, and thus both counts constitute part of Hodge's common scheme or plan. (*Id.* at 3-4). The Government also claims that Count 2 is of a similar character as Counts 1, 3, 5 and 7 because they all involve covert behavior. Accordingly, the Government argues that the Counts are not misjoined. (*Id*. at 4). Further, the Government maintains that Hodge has not met the standard

4

of substantial prejudice to warrant severance, *id*. at 5 (citing *United States v. Green*, 563 F. App'x 913, 917 (3d Cir. 2014)), because the jury can compartmentalize the evidence on Count 2 from the other counts, and any residual prejudice could be avoided by appropriate jury instructions. (*Id.*)

During the May 10, 2017 hearing on the Motion, Hodge's counsel explained that Hodge desires to testify on Count 2 as to the source of the funds; the reason why he carried the money with him; the lawful purpose of his travel; and the amount of money that he was carrying. The Government responded that although Hodge asserts that he wants to testify concerning Count 2, his proposed testimony actually concerns Count 1. In any event, the Government maintained that Hodge has not made a convincing showing that he has "important testimony" to give on Count 2, and a "strong reason to refrain from testifying" on the conspiracy count (quoting *Baker v. United States*, 401 F.2d 958, 977 (D.C. Cir. 1968)). Accordingly, Hodge has not demonstrated that his claim of prejudice is "genuine". (*Id.*).

## II. DISCUSSION

### A. Procedural Issue: Timeliness

The Court will deny the Motion to Sever on two grounds. First, the Motion is untimely. Fed. R. Crim. P. 12(b)(3)(D) provides that motions to sever counts or defendants must be made before trial; Rule 12(c)(1) provides that the court may set deadlines for such pretrial motions; and Rule 12(c)(3) provides that, if a party does not meet the deadline for a Rule 12(b)(3)(D) motion, it is untimely, although a court may consider the request if the party shows "good cause."

In this case, August 31, 2016 was the pretrial motions deadline. (Dkt. No. 155). However, the Motion to Sever was not filed until May 8, 2017—over eight months after the motions deadline, and after the jury in this case had been selected. Thus, the motion is untimely.

Notwithstanding its untimeliness, a court may address the motion if the moving party shows "good cause" for the delay. Fed. R. Crim. P. 12(c)(3). Counsel's explanation for the late filing is that it was only after the Superseding Indictment was unsealed on the eve of trial— which coincided with her receipt of certain discovery from the Government in March and April 2017— that she determined that there was no nexus between Count 2 and the other counts, and thus perceived the need to file the Motion to Sever.

This explanation does not constitute good cause and does not excuse counsel's untimely filing. The only information that was excluded from the First Redacted Superseding Indictment filed on August 24, 2016 was the name of one co-defendant who was not yet arrested. All the other information in that Indictment—including the counts in which Hodge was named—was contained not only in the First Redacted Superseding Indictment, but also in the original Indictment filed in May 2016. Thus, the April 2017 unsealing of the Indictment to reveal the remaining co-defendant's name provided no more new information to Hodge than had been available to him from the initial Indictment filed almost one year earlier. Further, counsel's explanation that it was only when the Government provided discovery in March and April 2017 that its theory of prosecution was revealed is exceedingly general and unhelpful. Counsel does not identify any particular discovery that suddenly elucidated the Government's theory at that late date, and why it had been impossible to discern the Government's theory before then. Indeed, the original and Superseding Indictment, which included specific events upon which the Government would rely in proving its case, appears to highlight the particulars of the Government's theory of the case.

In view of the foregoing, the Court finds that counsel has not provided good cause for filing the Motion to Sever over eight months after the motions deadline had expired and after the jury in this case had been selected. Accordingly, the Motion to Sever will be denied as untimely. *See U.S.*

*v. Rivera Calderon*, 578 F.3d 78, 99 (1st Cir. 2009) (motion to sever charges or defendants must be made before trial; failure to move for severance before deadline for filing pretrial motions constitutes waiver, which may be excused only on a showing of good cause); *United States v. Gauthier*, 248 F.3d 1138 n.2 (5th Cir. 2001) (finding motion to sever that was not filed until after voir dire completed and jury had been selected was untimely and waived); *United States v. Gonzalez-Torres*, 309 F.3d 594, 601 (9th Cir. 2002) (motion to sever filed on morning of trial denied as untimely); *United States v. Han Sa Yu*, 2012 WL 3776486, at *2 (E.D. Va. Aug. 29, 2012) (noting that "it appears that motions to sever denied on timeliness grounds are often filed on the eve of trial) (citing cases).

### B. The Merits

Even if the Motion to Sever had been timely or good cause had been shown, the Court would still deny the Motion on the merits.

Because Hodge's Motion is premised on misjoinder of Count 2 pursuant to Fed. R. Crim. P. 8, as well as prejudice under Fed. R. Crim. P. 14, the Court will address each issue in turn.

#### 1. Joinder under Rule 8

Fed. R. Crim. P. 8, entitled "Joinder of Offenses or Defendants," provides:

(a) Joinder of Offenses. The indictment or information may charge a defendant in separate counts with 2 or more offenses if the offenses charged. . . are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan.

(b) Joinder of Defendants. The indictment or information may charge 2 or more defendants if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions constituting an offense or offenses. The defendants may be charged in one or more counts together or separately. All defendants need not be charged in each count.

In construing this rule, the Third Circuit "has followed the Supreme Court in recognizing the 'fundamental principle that the federal system prefers 'joint trials of defendants who are

7

indicted together [ ]' because joint trials 'promote efficiency and serve the interests of justice by avoiding the scandal in inequity of inconsistent verdicts.'" *United States v. Walker*, 657 F.3d 160, 168-69 (3d Cir. 2011) (quoting *United States v. Urban,* 404 F.3d 754, 775 (3d Cir. 2005)).

In their memoranda of law, both Hodge and the Government applied Rule 8(a), governing joinder of offenses, in their respective arguments. However, although Hodge asserts a misjoinder of offenses, which would ostensibly fall under Rule 8(a), the Third Circuit has ruled that such an argument should be assessed pursuant to the less permissive standard set forth in Rule 8(b). In *Walker*, the Court reiterated its previous ruling that Rule 8(a) "'applies only to prosecutions involving a single defendant' and that in a multi-defendant case such as this, 'the tests for joinder of counts and defendants is merged in Rule 8(b).'" *Id.* at 169 (quoting *United States v. Irizarry*, 341 F.3d 273, 287 (3d Cir. 2003)). Accordingly, the Court will analyze Hodge's misjoinder challenge under Rule 8(b).

In order to satisfy Rule 8(b), "[i]t is not enough that defendants are involved in offenses of the same or similar character; there must exist a transactional nexus in that the defendants must have participated in 'the same act or transaction, or in the same series of acts or transactions.'" *United States v. Jiminez*, 513 F.3d 62, 82-83 (3d Cir. 2008) (quoting Fed. R. Crim. P. 8(b)).

It has long been the law in the Third Circuit that if an indictment contains a conspiracy charge, as long as that charge has been "put forward in good faith, the combination of a conspiracy count with counts charging acts in furtherance of the conspiracy will survive attack under Rule 8(b)." *United States v. Somers,* 496 F.2d 723, 730 (3d Cir. 1974); *Green*, 563 F. App'x at 916 (same); *Walker,* 657 F.3d at 169 ("Where charges leveled against only a single defendant 'arose directly' from [his] participation in a common illicit enterprise which led to charges against that defendant and co-defendants, we have held that all of the charges may be considered part of the

8

same series of acts, rendering joinder proper under Rule 8(b)" (citing *United States v. Riley*, 621 F.3d 312, 334 (3d Cir. 2010)).

Hodge has not alleged that the Government put forward the conspiracy count in bad faith. In addition, Count 2, the bulk cash smuggling count, relies on the same underlying facts as Event 1(a) in charging Hodge with an overt act in furtherance of the conspiracy: that on March 25, 2012, Hodge and Lacen-Santiago attempted to transport cash concealed on their person and luggage from St. Croix to St. Martin. Under the Rule 8(b) standard, the Court finds that Count 2 and Event 1(a) constitute "the same act or transaction." Further, the Court finds that Hodge is charged with participating in "the same series of acts or transactions constituting an offense or offenses," because both counts are explicitly linked, given that Hodge's possession of large sums of money which he allegedly attempted to conceal and take out of the country on March 25, 2012 underlies both the Government's theory that he engaged in a conspiracy to acquire and distribute drugs for financial gain and the bulk cash smuggling count.

In that regard as well, the Court rejects Hodge's argument, raised at the May 10, 2017 hearing, to the effect that Count 2 is not intrinsically intertwined with the conspiracy offense; evidence on this charge is impermissible on the conspiracy counts pursuant to Federal Rule of Evidence 404(b); and joinder of Count 2 is prejudicial. First, this argument does not relate to the standard for joinder but rather to whether certain evidence is either intrinsic to the charge of conspiracy or prejudicial bad act evidence that is inadmissible under Rules 404(b) and 403. Second, as noted above, the Court finds that the facts underlying Count 2—a large sum of money concealed in Hodge's possession—also supports the conspiracy charge, because possession of large sums of unexplained cash make it more likely that Hodge was conspiring to purchase a large shipment of cocaine or was in possession of the proceeds from the sale of a large shipment of

cocaine. *United States v. Cooley*, 131 F. App'x 881, 883 (3d Cir. 2005) ("A defendant's access to unexplained or unaccounted for wealth is strong circumstantial evidence of involvement in illegal activity."). Thus, Hodge's alleged possession of over $10,000 concealed on his person is intrinsic evidence because it "directly proves the charged offense" and would "facilitate the commission of the charged crime." *United States v. Green*, 617 F.3d 233, 249 (3d Cir. 2010). Rule 404(b) is therefore inapplicable. *Id.* at 248.[4]

Further, the evidence that Hodge possessed the cash in relation to Count 2 does not serve to prejudice him on the conspiracy counts, as it survives the Rule 403 balancing test. Under Rule 403, a "court may exclude relevant evidence if its probative value is substantially outweighed by a danger of ... [*inter alia*] unfair prejudice." Fed. R. Evid. 403. Here, the probative value of Hodge's possession of over $10,000 of unexplained cash is high. *See Cooley*, 131 F. App'x at 883. Regarding unfair prejudice in this context, the Court fails to see how possession of the cash unfairly prejudices Hodge, as the possession of the cash in and of itself is not a crime—although concealing it and attempting to take it out of the country is. Thus, the Court finds that the high probative value of the alleged possession of the cash is not "substantially outweighed" by the danger of unfair prejudice to Hodge.

---

[4] In *United States v. Nelson*, 372 F. App'x 289 (3d Cir. 2010), the court held that six incidents involving recovery of large sums of cash, firearms, and narcotics from the defendant were intrinsic to the charged conspiracy and rejected the argument that the Government sought to introduce "prior crimes and bad acts and to bootstrap its conspiracy allegation." *Id.* at 292. The Court ruled, "[a]s the Government correctly notes, evidence of cocaine possession and distribution, possession of large amounts of cash and possession of firearms during the time period of an alleged drug distribution conspiracy directly proved the charges. [The defendant's] argument that the incidents are not intrinsic evidence of the conspiracy because they were removed in time from the substantive counts, is unpersuasive. These incidents, which involve possession of firearms, narcotics and large sums of cash, directly bear on the conspiracy charge." *Id.* at 292-93; *see also United States v. $506,641 in U.S. Currency*, 1996 WL 396082, at *2 (N.D. Ill. July 11, 1996) ("Several courts have held that the possession of a large amount of cash is strong evidence that the cash is connected with drug activity.") (citing cases).

In sum, joinder is proper under Rule 8(b).

### 2. Severance under Rule 14

Hodge further argues that the Court should sever Count 2 pursuant to Fed. R. Crim. P. 14 as he would be prejudiced by the joinder of that count with the other counts in the Superseding Indictment.

Fed. R. Crim. P. 14, entitled "Relief from Prejudicial Joinder," provides in pertinent part:

> (a) Relief. If the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires.

Fed. R. Crim. P. 14(a).

"While Rule 8 requires severance where defendants were improperly joined, Rule 14 permits a district court 'to sever properly joined defendants and order a separate trial where a consolidated trial appears to prejudice the defendant.'" *Walker*, 657 F.3d at 170 (quoting *United States v. Davis*, 397 F.3d 173, 182 n.7 (3d Cir. 2005)). A motion to sever under Rule 14 should be granted "only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro v. United States*, 506 U.S. 534, 539 (1993).

A defendant bears a "heavy burden in gaining severance." *United States v. Quintero,* 38 F.3d 1317, 1343 (3d Cir. 1994). The defendant must "'pinpoint clear and substantial prejudice resulting in an unfair trial.'" *United States v. Riley*, 621 F.3d 312, 335 (3d Cir. 2010) (quoting *United States v. McGlory*, 968 F.2d 309, 340 (3d Cir. 1992)). The question of prejudice "hinges upon 'whether the jury will be able to compartmentalize the evidence as it relates to separate [offenses] in view of its volume and limited admissibility.'" *Walker*, 657 F.3d at 170 (quoting *Davis*, 397 F.3d at 182). Where additional charges against a defendant are "'relatively

straightforward and discrete,'" the Third Circuit has "'not doubt[ed] that the jury reasonably could have been expected to compartmentalize the evidence. . . and actually did so.'" *Id.* (quoting *United States v. Lore*, 430 F.3d 190, 205 (3d Cir. 2005)). "Once a defendant has met his burden of demonstrating prejudice, the Court may exercise its discretion to grant the motion to sever after 'balanc[ing] the potential prejudice to the defendant against the advantages of joinder in terms of judicial economy.'" *United States v. Ranalli*, 2014 WL 1514046, at *2 (M.D. Pa. Apr. 16, 2014) (quoting *United States v. Sandini*, 888 F.2d 300, 305 (3d Cir. 1989)).

Hodge first asserts that proof that he is guilty of one offense may be used to convict him of a second offense, even though that proof would be inadmissible if there was a separate trial for the second offense. In other words, Hodge appears to be arguing that proof that he is guilty of the conspiracy charge may be used to convict him of the bulk cash smuggling charge, or vice-versa. Thus the bulk cash smuggling offense should be severed from the instant matter in order to prevent the jury's assessment of one charge from impermissibly bleeding over into its assessment of the second charge.

In this case, although the two counts have a similar factual predicate, the elements of bulk cash smuggling and conspiracy are different. The "essential elements of a drug distribution conspiracy under 21 U.S.C. § 846 are: (1) a shared unity of purpose; (2) an intent to achieve a common goal; and (3) an agreement to work together toward the goal." *United States v. Iglesias*, 535 F.3d 150, 156 (3d Cir. 2008) (internal quotation marks omitted).[5] In contrast, the essential

---

[5] The Third Circuit Model Jury Instructions provide that the elements of conspiracy to possess with intent to distribute controlled substances are: (1) that two or more persons agreed to possess with the intent to distribute a controlled substance; (2) that defendant was a party to or member of that agreement; and (3) that defendant joined the agreement or conspiracy knowing of its objectives to possess with the intent to distribute a controlled substance and intending to join together with at least one other alleged conspirator to achieve that objective; that is, that defendant and at least one

12

elements of bulk cash smuggling under 31 U.S.C. § 5532(a) are: (1) intent to evade a currency reporting requirement; (2) concealing more than $10,000 in currency or other monetary instruments on one's person, luggage, etc.; and (3) transporting or attempting to transport or transfer such currency from the United States to a place outside the United States.[6] These two offenses share no element in common. The Court finds that the jury could reasonably be expected to compartmentalize the evidence against Hodge as it relates to these two distinct offenses: conspiracy and bulk cash smuggling. The Court therefore rejects Hodge's first prejudice argument.[7]

The Court rejects Hodge's second prejudice argument as well. Hodge relied on *Cross v. United States*, 335 F.2d 987 (D.C. Cir. 1964), for the proposition that, in a case where a defendant is charged in two counts and wishes to testify at trial on only one count but not the other, the joinder of the counts prejudices the defendant and severance should be granted. In *Baker v. United States,* 401 F.2d 958 (D.C. Cir. 1968), the D.C. Circuit was confronted with the same argument

---

other alleged conspirator shared a unity of purpose, and the intent to achieve that objective. Third Circuit Model Jury Instruction 6.21.846B.

[6] The bulk cash smuggling statute provides: "Whoever, with the intent to evade a currency reporting requirement under section 5316, knowingly conceals more than $10,000 in currency or other monetary instruments on the person of such individual or in any conveyance, article of luggage, merchandise, or other container, and transports or transfers or attempts to transport or transfer such currency or monetary instruments from a place within the United States to a place outside of the United States, or from a place outside the United States to a place within the United States, shall be guilty of a currency smuggling offense and subject to punishment pursuant to subsection (b)." 31 U.S.C. § 5332(a).

[7] Moreover, the Court anticipates giving a jury instruction that each offense and each defendant must be considered separately, and that the jury's decision on any one defendant or any one offense, whether guilty or not guilty, should not influence their decision on any other defendant or any other offense. Courts presume that juries follow instructions, which are viewed as "persuasive evidence that refusals to sever did not prejudice the defendant[ ]." *Lore*, 430 F.3d at 206 (internal quotation marks omitted).

Hodge makes here, based on that defendant's reading of *Cross*. The *Baker* Court termed such a reading of *Cross* "far too broad" and opined as follows:

> The essence of our ruling in Cross was that, because of the unfavorable appearance of testifying on one charge while remaining silent on another, and the consequent pressure to testify as to all or none, the defendant may be confronted with a dilemma: whether, by remaining silent, to lose the benefit of vital testimony on one count, rather than risk the prejudice (as to either or both counts) that would result from testifying on the other. . . . Thus, unless the 'election' referred to by appellant is to be regarded as conclusive—and we think it should not be—no need for a severance exists until the defendant makes a convincing showing that he has both important testimony to give concerning one count and strong need to refrain from testifying on the other. In making such a showing, it is essential that the defendant present enough information—regarding the nature of the testimony he wishes to give on one count and his reasons for not wishing to testify on the other—to satisfy the court that the claim of prejudice is genuine and to enable it intelligently to weigh the considerations of 'economy and expedition in judicial administration' against the defendant's interest in having free choice with respect to testifying.

*Id.* at 976-77 (internal quotation marks omitted). [8]

At the May 10, 2017 hearing, counsel provided specifics concerning Hodge's desire to testify on Count 2 (bulk cash smuggling): Hodge wishes to explain the source of the funds he was carrying; the reason why he carried his money around with him; the lawful purpose of his travel; and the amount of money he was carrying (*i.e.*, that it was less than $10,000).

Hodge has not met the necessary showing of prejudice. Three of the four topics about which he wishes to testify (the source of the funds, the reason he was carrying them, and the lawful purpose of his travel) are irrelevant to the bulk cash smuggling offense, and therefore are not "important testimony" under *Baker*. The only relevant testimony Hodge proposes giving on the bulk cash smuggling charge is that the money he was carrying was less than $10,000, which goes to one of the elements of that charge. While that snippet of proposed testimony is certainly

---

[8] The Third Circuit has cited *Baker's* reasoning approvingly in *United States v. Weber,* 437 F.2d 327, 334 (3d Cir. 1970) ("The *Cross* case does not reach as far as *Weber* indicates," quoting *Baker*).

important, that is the end of Hodge's proffer. He has made no showing of "the strong need he would have to refrain from testifying" on the conspiracy charge. *Baker*, 401 F.2d at 977. In fact, instead of showing a "strong need to *refrain from* testifying" on the conspiracy count, Hodge's proposed testimony suggests a strong need *to testify* on that count since two of the three remaining points which Hodge wishes to offer—where the money came from and the reason Hodge was carrying it—would conceivably go toward attempts to dispute the drug conspiracy charge.

Given the proffer, the Court finds that Hodge's claim of prejudice is not "genuine" and that considerations of judicial "economy and expedition" outweigh Hodge's interest in having free choice with respect to testifying. Accordingly, the Court will deny the Motion to Sever on the merits as well. *Baker,* 401 F.2d at 977.

### III. CONCLUSION

For the reasons set forth above, the Court will deny Hodge's Motion to Sever. (Dkt. No. 797). An appropriate Order accompanies this Memorandum Opinion.

Date: May 22, 2017 _____/s/_____
WILMA A. LEWIS
Chief Judge