# DISTRICT COURT OF THE VIRGIN ISLANDS
# DIVISION OF ST. CROIX

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| **JOSE R. HODGE,** | ) | Criminal No. 2016-0009 |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

**Attorneys:**
**Alphonso G. Andrews, Jr., Esq.,**
St. Croix, U.S.V.I.
    *For the United States*

**Renee D. Dowling, Esq.,**
St. Croix, U.S.V.I.
    *For Defendant Jose R. Hodge*

## MEMORANDUM OPINION AND ORDER

**Lewis, Chief Judge**

THIS MATTER comes before the Court on Defendant "Jose Hodge's Motion to Exclude Events Nos. 2 & 3," filed on May 21, 2017. (Dkt. No. 875). In his Motion, Hodge seeks to exclude Events 2 and 3 of Count 1 of the Superseding Indictment on the ground that "these events are improper bad acts and they do not bear a sufficient nexus to the charges in the Superseding Indictment." (*Id*. at 1). For the reasons that follow, the Court will deny the Motion.

### I.     PROCEDURAL HISTORY

Defendant Hodge is one of six Defendants who are charged in a seven-count indictment in which the Government charges the Defendants with conspiracy to possess controlled substances (cocaine powder and marijuana) with intent to distribute, possession of cocaine with attempt to distribute, and attempted possession of cocaine with intent to distribute. (Dkt. No. 190). Defendant Hodge is also charged with bulk cash smuggling. (*Id.* at 10). These charges are based on allegations

that, between January 2012 and December 2015, the Defendants conspired and agreed with one another, and others, to possess cocaine powder and distribute it, and that some of the defendants travelled by boat south of St. Croix to effect the mid-sea retrieval of cocaine, returned to St. Croix with the drugs, and transshipped them to Puerto Rico.

Count 1 of the Superseding Indictment—Conspiracy to Possess Controlled Substance With Intent to Distribute—sets forth a number of "Events" which describe alleged acts in furtherance of the conspiracy. (Dkt. No. 190). Pertinent to the instant Motion, Event No. 2 of Count 1—captioned "August 2014 Unseized Shipment of 35 Kilos of Cocaine at Altona Lagoon"—alleges the following:

> On August 31, 2014, 35 kilograms of Cocaine were imported into St. Croix and off-loaded at Gallows bay ramp. The operation was organized by QUINONES-DAVILA, HODGE and others.

(Dkt. No. 181-1 at 5). Event No. 3 of Count 1—captioned "October 2014 Unseized Shipment of 71 Kilos of Cocaine at Altona Lagoon and Seizure of $400,000 in Puerto Rico"—alleges the following:

> On October 10, 2014, CRUZ-ALBERT, Anibal VEGA-ARIZMENDI and another individual retrieved a 71 kilogram load of cocaine at sea. The drugs were imported into St. Croix and delivered to HODGE's residence. It was subsequently flown to Puerto Rico by CRUZ-VELEZ. On October 21, 2014, law enforcement seized $400,000 in United States Currency, which represented drug proceeds, from CRUZ-VELEZ in Puerto Rico.

(*Id.* at 6).

In his Motion to Exclude, Hodge asserts that Events 2 and 3 have an insufficient nexus to the charges in the Superseding Indictment; they are "nothing less tha[n] an attempt to introduce prior bad acts before the jury," in violation of the dictates of Fed. R. Evid. 404(b); there is "no proper purpose" for the introduction of the evidence under Rule 404(b); Events 2 and 3 are not

2

related, or relevant, to any of the charges in the Superseding Indictment; and the probative value of Events 2 and 3 is outweighed by the potential for unfair prejudice. (Dkt. No. 875).

## II.  DISCUSSION

Federal Rule of Evidence 404(b)—entitled "Crimes, Wrongs, or Other Acts"—provides, in pertinent part:

(1) Prohibited Uses. Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character.

Fed. R. Evid. 404(b)(1). Evidence is not subject to a Rule 404(b) analysis if it is "intrinsic" evidence—*i.e.*, it "'directly proves' the charged offense." *United States v. Green*, 617 F.3d 233, 249 (3d Cir. 2010) (quoting *United States v. Cross,* 308 F.3d 308, 320 (3d Cir. 2002)); *see United States v. Bowie*, 232 F.3d 923, 929 (3d Cir. 2000) (acknowledging that evidence of "an act that is part of the charged offense. . . is properly considered intrinsic."). Case law is clear that

> where the incident offered is a part of the conspiracy alleged in the indictment, the evidence is admissible . . . because it is not an 'other' crime. The evidence is offered as direct evidence of the fact in issue, not as circumstantial evidence requiring an inference as to the character of the accused. Such proof. . . may be extremely prejudicial to the defendant but the court would have no discretion to exclude it because it is proof of the ultimate issue in the case.

*United States v. Nelson*, 372 F. App'x 289, 292 (3d Cir. 2010) (quoting 22 Charles A. Wright & Kenneth W. Graham, Jr., *Federal Practice & Procedure* § 5329, at 450-51 (1978)).

Hodge is charged, *inter alia*, with conspiracy to possess a controlled substance with intent to distribute. Event 2 alleges that Hodge was involved in the importation of 35 kilograms of cocaine into St. Croix on August 31, 2014. Event 3 alleges that 71 kilograms of cocaine retrieved at sea on October 10, 2014 were imported into St. Croix, delivered to Hodge's residence, and subsequently flown to Puerto Rico. In addition, Event 3 alleges that $400,000 was seized from an

alleged co-conspirator in Puerto Rico less than two weeks after the cocaine was retrieved at sea on October 10th.

These events, which describe alleged acts in furtherance of the conspiracy, "directly prove[] the charged offense" of conspiracy to possess and distribute cocaine. *Green*, 617 F.3d at 249. As a result, Events 2 and 3 constitute intrinsic evidence, and are not subject to the requirements of Rule 404(b). *Id.* Moreover, as direct proof of the ultimate issue, the Events are relevant to the charged offense and are of high probative value. While such evidence may be—and undoubtedly is—prejudicial to Hodge, it is not "unfairly prejudicial." In any event, the evidence survives the Rule 403 balancing test because the high probative value of the evidence is not "substantially outweighed" by any danger of "unfair prejudice." Fed. R. Evid. 403. Accordingly, Hodge's arguments in support of the exclusion of Events 2 and 3 are rejected and his Motion will be denied.

### III. ORDER

For the reasons set forth above, it is hereby

**ORDERED** that Defendant Hodge's Motion to Exclude Event Nos. 2 and 3 (Dkt. No. 875) is **DENIED.**

**SO ORDERED.**

Date: May 26, 2017  _____/s/_____
WILMA A. LEWIS
Chief Judge