# DISTRICT COURT OF THE VIRGIN ISLANDS
# DIVISION OF ST. CROIX

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal Action No. 2016-0009 |
| ) | |
| JOSE R. HODGE, et al., ) | |
| ) | |
| Defendants. ) | |
| _____) | |

**Attorneys:**
**Alphonso G. Andrews, Jr., Esq.,**
St. Croix, U.S.V.I.
**Everard E. Potter, Esq.,**
St. Thomas, U.S.V.I.
  *For the United States*

**Renee D. Dowling, Esq.,**
St. Croix, U.S.V.I.
  *For Defendant Jose R. Hodge*

## MEMORANDUM OPINION AND ORDER

**Lewis, Chief Judge**

THIS MATTER comes before the Court on Defendant Jose R. Hodge's ("Defendant") "Motion to Exclude Event Nos. 1, 2 & 3" ("Motion") (Dkt. No. 1182) and the Government's Response to Defendant's Motion ("Response") (Dkt. No. 1195). In his Motion, Defendant requests that the Court exclude Event 1 of the Superseding Indictment on the basis that it describes "an event which [Defendant] was acquitted of" at the first trial of this matter. (Dkt. No. 1182 at 1). Defendant seeks the exclusion of Events 2 and 3 of the Superseding Indictment on the ground that they constitute evidence of "improper prior bad acts, which acts do not bear a sufficient nexus to the charges in the Superseding Indictment." *Id.* For the reasons that follow, the Court will deny as moot Defendant's request to exclude Event 1 of the Superseding Indictment, and will otherwise deny Defendant's request to exclude Events 2 and 3 of the Superseding Indictment.

Defendant is one of six Defendants charged in a six-count indictment with conspiracy to possess controlled substances (cocaine powder and marijuana) with intent to distribute; possession of cocaine with intent to distribute; and attempted possession of cocaine with intent to distribute. (Dkt. No. 1216).[1] These charges are based on allegations that, between January 2014 and March 2016, the Defendants conspired and agreed with one another, and others, to possess cocaine and distribute it by, *inter alia*, arranging the mid-sea retrieval of drugs from Venezuela and elsewhere, importing the drugs to St. Croix, and subsequently transporting the drugs to Puerto Rico for distribution. *Id.* at 3-4. Count 1 of the Second Superseding Indictment—Conspiracy to Possess Controlled Substance[s] with Intent to Distribute—sets forth a number of "events" which describe alleged acts in furtherance of the conspiracy.

As an initial matter, the Court notes that the March and April 2012 incidents that were collectively referred to as "Event 1" in the first Superseding Indictment are not included in the Second Superseding Indictment. (Dkt. No. 190 at 5; Dkt. No. 1216). The March and April 2012 incidents were relevant to the bulk cash smuggling charge against Defendant contained in Count 2 of the first Superseding Indictment. The Court entered judgment of acquittal as to Count 2 of the first Superseding Indictment following a Rule 29 motion by Defendant during the first trial. Accordingly, the bulk cash smuggling count to which the March and April 2012 events were related has been dismissed. Given the Court's judgment of acquittal as to Defendant on Count 2 of the first Superseding Indictment—and as the incidents referred to collectively as "Event 1" in

---

[1] A first Superseding Indictment was filed in this case on August 23, 2016. (Dkt. No. 190). The Government filed a Second Superseding Indictment on February 21, 2018. (Dkt. No. 1216). Defendant's instant Motion was filed prior to the release by the Government of the Second Superseding Indictment, and as such seeks the exclusion of events charged in the first Superseding Indictment. The Court will address Defendant's Motion in light of the events charged by the Government in the Second Superseding Indictment.

the first Superseding Indictment have been removed from the Second Superseding Indictment—the Court will deny Defendant's request to exclude Event 1 as moot.

The incidents titled "Event 2" and "Event 3" in the first Superseding Indictment relate to the transportation of unseized shipments of contraband in August 2014 and October 2014, respectively. (Dkt. No. 190 at 5-6). The alleged facts relative to these two incidents remain largely unchanged in the Second Superseding Indictment. With respect to the August 2014 event, the Second Superseding Indictment alleges:

> On August 31, 2014, 35 kilograms of Cocaine were imported into St. Croix and off-loaded at Gallows Bay ramp. The drugs were taken to a residence for temporary storage. The operation was organized by SERGIO QUINONES-DAVILA, JOSE R. HODGE, and others.

(Dkt. No. 1216 at 5). With respect to the October 2014 event, the Second Superseding Indictment alleges:

> On October 10, 2014, Anibal A. VEGA-ARIZMENDI, Jean Cruz Albert and another individual retrieved a 71 kilogram load of cocaine along with some marijuana at sea. The cocaine was for SERGIO QUINONES-DAVILA and JOSE R. HODGE and was stored temporarily at HODGE's residence. It was subsequently flown to Puerto Rico by Carmelo Cruz-Velez. On October 21, 2014, law enforcement seized $400,000 in United States Currency, which represented drug proceeds, from Cruz-Velez in Puerto Rico. HODGE discussed the seizure with Cruz-Velez.

*Id.*

In his Motion, Defendant asserts that the August and October 2014 events have an insufficient nexus to the charges against him; are "nothing less tha[n] an attempt to introduce prior bad acts into evidence before the jury" in violation of the dictates of Federal Rule of Evidence 404(b); and are unrelated or irrelevant to any of the charges against him. (Dkt. No. 1182 at 3-4). He further argues that the probative value of evidence related to these events is "outweighed by its potential for unfair prejudice." *Id.* at 4.

3

Federal Rule of Evidence 404(b)—entitled "Crimes, Wrongs, or Other Acts"—provides, in pertinent part:

> (1) Prohibited Uses. Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character.

Fed. R. Evid. 404(b)(1). Evidence is not subject to a Rule 404(b) analysis if it is "intrinsic" evidence—*i.e.*, it "'directly proves' the charged offense." *United States v. Green*, 617 F.3d 233, 249 (3d Cir. 2010) (quoting *United States v. Cross,* 308 F.3d 308, 320 (3d Cir. 2002)); *see also United States v. Bowie*, 232 F.3d 923, 929 (3d Cir. 2000) (acknowledging that evidence of "an act that is part of the charged offense. . . is properly considered intrinsic."). Case law is clear that

> where the incident offered is a part of the conspiracy alleged in the indictment, the evidence is admissible . . . because it is not an 'other' crime. The evidence is offered as direct evidence of the fact in issue, not as circumstantial evidence requiring an inference as to the character of the accused. Such proof . . . may be extremely prejudicial to the defendant but the court would have no discretion to exclude it because it is proof of the ultimate issue in the case.

*United States v. Gibbs*, 190 F.3d 188, 217-18 (3d Cir. 1999) (quoting 22 Charles A. Wright & Kenneth W. Graham, Jr., *Federal Practice & Procedure* § 5329, at 450-51 (1978)) (ellipsis in original).

Defendant is charged, *inter alia*, with conspiracy to possess a controlled substance with intent to distribute. With respect to "Event 2," the Government intends to present evidence that Defendant was involved in the importation of 35 kilograms of cocaine into St. Croix on August 31, 2014. With respect to "Event 3," the Government intends to present evidence that 71 kilograms of cocaine retrieved at sea on October 10, 2014 were imported into St. Croix, delivered to Defendant's residence, and subsequently flown to Puerto Rico. In addition, the Government intends to establish that $400,000 was seized from an alleged co-conspirator in Puerto Rico shortly

4

after the cocaine was retrieved at sea on October 10, 2014, and that Defendant discussed the seizure with the alleged co-conspirator.

These events, which describe alleged acts in furtherance of the conspiracy, "directly prove[] the charged offense" of conspiracy to possess and distribute cocaine. *Green*, 617 F.3d at 249. As a result, the August and October 2014 events constitute intrinsic evidence, and are not subject to the requirements of Rule 404(b). *Id.* Moreover, as direct proof of the ultimate issue, the events are relevant to the charged offense and are of high probative value. While such evidence may be—and undoubtedly is—prejudicial to Defendant, it is not "unfairly prejudicial." In any event, the evidence survives the Rule 403 balancing test because the high probative value of the evidence is not "substantially outweighed" by any danger of "unfair prejudice." Fed. R. Evid. 403. Accordingly, Defendant's request for the exclusion of Events 2 and 3 (or the August 2014 and October 2014 Events) will be denied.

## ORDER

**UPON CONSIDERATION** of the foregoing, it is hereby

**ORDERED** that Defendant's request for the exclusion of Event 1 is **DENIED AS MOOT**; and it is further

**ORDERED** that Defendant's request for the exclusion of Events 2 and 3—referred to in the Second Superseding Indictment as the August 2014 and October 2014 Events, respectively—is **DENIED**.

**SO ORDERED**.

Date: March 23, 2018                               _____/s/_____
                                                                    WILMA A. LEWIS
                                                                    Chief Judge