# DISTRICT COURT OF THE VIRGIN ISLANDS
# DIVISION OF ST. CROIX

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal No. 2016-0009 |
| ) | |
| JOSE R. HODGE, et al., ) | |
| ) | |
| Defendants. ) | |

**Attorneys:**
**Alphonso G. Andrews, Jr., Esq.,**
St. Croix, U.S.V.I.
    *For the United States*

**Renee Dowling, Esq.,**
St. Croix, U.S.V.I.
    *For Defendant Jose R. Hodge*

## MEMORANDUM OPINION AND ORDER

**Lewis, Chief Judge**

THIS MATTER comes before the Court on "Jose R. Hodge's Motion to Dismiss Counts 3 and 5 of the Second Superseding Indictment," filed on March 7, 2018 by Defendant Jose R. Hodge ("Hodge"). (Dkt. No. 1238). The Government filed a Response on March 19, 2018. (Dkt. No. 1285). For the reasons that follow, the Court will deny Hodge's Motion.

## I.    BACKGROUND AND PROCEDURAL HISTORY

Drug Enforcement Agency agents arrested Hodge and three other Defendants on November 14, 2015. He was charged in a Complaint, filed the next day, with conspiracy to possess a controlled substance with intent to distribute and possession of cocaine powder with intent to distribute. (Dkt. No. 1 in 2015-mj-0029). The alleged conspiracy took place from November 13, 2015 through November 14, 2015, with the possession charge alleged to have occurred on November 14, 2015. *Id.*

On December 29, 2015, the Government filed an Information charging Hodge and nine co-Defendants with the same offenses alleged in the Complaint: conspiracy (dating from November 6-14, 2015) and possession of a controlled substance with intent to distribute. (Dkt. No. 43 in 2015-cr-0042). On May 10, 2016, Hodge and eleven co-Defendants were charged in a seven-count Indictment, *inter alia*, with conspiracy (dating from January 2012 to December 2015), attempted possession of cocaine with intent to distribute, and possession of cocaine with intent to distribute. (Dkt. No. 1 in 2016-cr-0009). Hodge and another co-Defendant were also charged with bulk cash smuggling. *Id*. A seven-count Superseding Indictment was filed on August 23, 2016, charging Hodge and fourteen co-Defendants with the same crimes as alleged in the original Indictment. (Dkt. No. 190). Trial on the Superseding Indictment began on May 15, 2017 and concluded on July 7, 2017 with a mistrial. The retrial has been scheduled for April 30, 2018. (Dkt. No. 1315).

On February 21, 2018, the grand jury returned a five-count Second Superseding Indictment against Hodge and the five co-Defendants who are to be retried. (Dkt. No. 1216). The period of the conspiracy changed from January 2012 to December 2015, to January 2014 to March 2016. Count 3 of the Second Superseding Indictment charges Hodge and two other Defendants with attempted possession of cocaine relating to an event that allegedly took place on December 13 and 14, 2014. (Dkt. No. 1216 at 10). This was the same offense that had been alleged in Count 4 of the Superseding Indictment (Dkt. No. 190), although Hodge was not charged in that Count of the Superseding Indictment. Count 5 of the Second Superseding Indictment charges Hodge and two other Defendants with attempted possession of cocaine relating to an event that allegedly took place between November 9 and 12, 2015. (Dkt. No. 1216 at 12). This was the same offense that

had been charged in Count 6 of the Superseding Indictment, but here, too, Hodge was not charged in that Count of the Superseding Indictment.[1]

## II. DISCUSSION

Hodge's Motion hinges on his interpretation of various provisions of the Speedy Trial Act, 18 U.S.C. § 3161. Hodge seeks dismissal of Counts 3 and 5 contained in the Second Superseding Indictment, claiming that the Government is time-barred from charging him for any offense that is based on the same conduct or that results from the same criminal episode that culminated in his arrest on November 14, 2015, pursuant to 18 U.S.C. §§ 3161(b) and (d)(1). He observes that where the Government violates § 3161(b), dismissal is appropriate pursuant to 18 U.S.C. § 3162(a)(1), and the charges should be dismissed with prejudice, when applying the factors set forth in *United States v. McIntosh*, 229 F. Supp. 2d 431 (D.V.I. 2002). (Dkt. No. 1239 at 2-3).

In opposition, the Government argues that the Court should deny Hodge's Motion because, pursuant to the text of the statutes, §§ 3161(b) and (d)(1) are inapplicable to the circumstances here. (Dkt. No. 1285). The Government further argues that Hodge has not been prejudiced by his inclusion in Counts 3 and 5 of the Second Superseding Indictment.

Title 18, Section 3161(b) provides, in pertinent part:

Any information or indictment charging an individual with the commission of an offense shall be filed within thirty days from the date on which such individual was arrested or served with a summons in connection with such charges.

18 U.S.C. § 3161(b). Another provision, § 3161(h), sets forth the periods of delay that are excluded in computing the time within which an information or indictment must be filed. Among other things, "delay resulting from any interlocutory appeal," § 3161(h)(1)(C) and "delay resulting from

---

[1] This conduct was also referred to as Events 6 and 9, respectively, and listed as Overt Acts supporting Count 1 of the Superseding Indictment (the conspiracy charge). (Dkt. No. 190 at 7, 8-9).

any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion," § 3161(h)(1)(D), are excluded from the computation of the thirty days. If an information or indictment is not filed within thirty days, as extended by section 3161(h), the charges must be dismissed:

> If, in the case of any individual against whom a complaint is filed charging such individual with an offense, no indictment or information is filed within the time limit required by section 3161(b) as extended by section 3161(h) of this chapter, such charge against that individual contained in such complaint shall be dismissed or otherwise dropped.

18 U.S.C. § 3162(a)(1).

Hodge was charged by Complaint on November 14, 2015. The Government would have faced a thirty-day deadline to file an information or indictment containing those charges if no excluded time periods applied. The Information was filed on December 29, 2015. Although Hodge claims that § 3161(b) was violated, he does not assert—nor could he—that the filing of the Information exceeded the thirty-day limit, after applying the exclusions permitted under section 3161(h).[2]

Instead, Hodge asserts that § 3161(b) was violated by his inclusion in Counts 3 and 5 of the Second Superseding Indictment. However, Hodge was never charged in the Complaint with attempted possession surrounding the December 13 and 14, 2014 events, with which he was charged in Count 3 of the Second Superseding Indictment. Similarly, Hodge was never charged in the Complaint with attempted possession surrounding the November 9-12, 2015 events, with which he was charged in Count 5 of the Second Superseding Indictment. Accordingly, bringing these two new charges against Hodge in the Second Superseding Indictment is not governed by

---

[2] After applying the exclusions, only two speedy trial days had expired by the time that the Information was filed.

the thirty-day time limit contained in § 3161(b). Thus, § 3161(b) was not violated and the penalty provisions of § 3162(a)(1) do not apply.

Case law supports this conclusion. In *United States v. Komolafe*, 246 F. App'x 806 (3d Cir. 2007), a panel of the Third Circuit concluded that "superseding indictments filed longer than 30 days after an arrest which add charges to those contained in the original indictment do not violate the Speedy Trial Act." *Id.* at 809. As the Third Circuit has found, the Speedy Trial Act "'requires the dismissal of only those charges that were made in the original complaint that triggered the thirty-day time period.'" *United States v. Watkins*, 339 F.3d 167, 174 (3d Cir. 2003) (quoting *United States v. Oliver*, 238 F.3d 471, 473 (3d Cir. 2001)). In sum, the Court rejects Hodge's motion to dismiss, based on § 3161(b).

Hodge also posits that § 3161(d)(1) precludes the Government from charging him with Counts 3 and 5. He states that § 3161(d)(1) "contemplates a situation such as this instant matter where Jose R. Hodge was arrested and originally charged in a Criminal Complaint, then a Criminal Information, and ultimately an Indictment, all arising from an offense based on the same conduct and arising from the same criminal episode," which resulted in his arrest. (Dkt. No. 1239 at 2). He claims "the Government is time barred" from charging him with Counts 3 and 5. *Id.* Other than his conclusory statement, Hodge provides no analysis or case law demonstrating how his circumstances fall within § 3161(d)(1).

Section 3161(d)(1) provides:

> If any indictment or information is dismissed upon motion of the defendant, or any charge contained in a complaint filed against an individual is dismissed or otherwise dropped, and thereafter a complaint is filed against such defendant or individual charging him with the same offense or an offense based on the same conduct or arising from the same criminal episode, or an information or indictment is filed charging such defendant with the same offense or an offense based on the same conduct or arising from the same criminal episode, the provisions of

subsections (b) and (c) of this section shall be applicable with respect to such subsequent complaint, indictment, or information, as the case may be.

18 U.S.C. § 3161(d)(1).

Section 3161(d)(1) is inapplicable here because the Indictment and Information were not dismissed upon motion by Hodge. In fact, the Court denied Hodge's motion to dismiss. (Dkt. No. 48 in 2015-mj-0029). Nor were any of the charges against Hodge contained in the two-count Complaint dismissed or dropped, after which a Complaint, Information, or Indictment was filed charging him with "the same offense or an offense based on the same conduct or arising from the same criminal episode" as alleged in Counts 3 and 5. Thus, pursuant to its plain language, § 3161(d)(1) does not apply in this case.

Hodge nevertheless lifts the "same offense or an offense based on the same conduct or arising from the same criminal episode" language from § 3161(d)(1) to conclusorily argue that because Counts 3 and 5 are part of the same offense or criminal episode as the charges filed in the initial Complaint in 2015, the Government was "time-barred" from filing those charges against him in the Superseding Indictment. This argument appears to equate the Speedy Trial Act with a statute of limitations within which the Government must file charges against Hodge. The Speedy Trial Act "governs post-accusation periods of delay," while statutes of limitations "govern[] the time limit within which the federal government must bring an indictment for an offense." *United States v. Beckett*, 208 F.3d 140, 150 (3d Cir. 2000). The applicable statute of limitations in this case, 18 U.S.C. § 3282(a), provides that "no person shall be prosecuted, tried, or punished for any offense, not capital, unless the indictment is found or the information is instituted within five years next after such offense shall have been committed." The charges brought in the Second Superseding Indictment were filed within five years of the offenses being committed. To the extent that Hodge's argument implicates a statute of limitations theory, it fails.

Hodge also offers some general arguments that the "overlong gap" between his arrest in November 2015 and the filing of the Second Superseding Indictment violates his due process rights and prejudices him by requiring him to prepare a new defense for retrial. (Dkt. No. 1239 at 3). With regard to his due process contention, he cites one case—*United States v. Garcia,* 2016 WL 7257190 (D.N.M. Nov. 16, 2016)—for the proposition that a preindictment delay that rises to a constitutional violation requires dismissal of the indictment with prejudice. He also asserts that because the trial date is quickly approaching, his ability to mount a new defense is limited, as his counsel has prescheduled commitments in Virgin Islands Superior Court, which leaves little time to revamp his defense strategy and review the extensive discovery. *Id.* He adds, without further explanation or argument, that "the only purpose for this delay by the Government is to gain a tactical advantage over Jose R. Hodge." *Id*. at 4.

The Government responds that the additional charges do not unfairly prejudice Hodge because discovery produced before—as well as testimony elicited during—the first trial, provided information regarding the factual predicate of the new charges, and Hodge has already defended at the first trial against the conduct that forms the basis for Counts 3 and 5. (Dkt. No. 1285 at 8-9).

The Court agrees. The Court's recent finding in addressing a motion for continuance of the trial, in which Hodge joined, is equally applicable here:

> In light of the discovery produced, testimony elicited, and rulings by the Court in the context of the first trial, the revisions to the Second Superseding Indictment should come as no surprise to Defendants. . . .
>
> With respect to the additional charges against Defendant Hodge in Counts 3 and 5 of the Second Superseding Indictment, testimony regarding his alleged involvement in the claimed December 2014 and November 2015 events that underlie those counts was elicited through confidential source Timothy Schoenbohm at the first trial. (Dkt. No. 1002 at 10, 13). . . . Defendant[ ] and [his] counsel were presented with this testimony at the first trial. Defense counsel also requested and received *daily* transcripts of the testimony of . . . Schoenbohm . . . . Accordingly, Defendant[] ha[s] been well aware of allegations of [his] involvement

7

in the events charged in the Second Superseding Indictment since at least the first trial—which concluded over nine months prior to the scheduled April 16 trial date.

In view of [Hodge's] prior knowledge of the evidence upon which the [charges in Counts 3 and 5 of] the Second Superseding Indictment are based—as conveyed via the testimony of [Schoenbohm] at the first trial, as well as the daily transcripts received by counsel for purposes of preparing for the cross-examination of [Schoenbohm]—the Court finds that the 54-day period between the filing of the Second Superseding Indictment and the [April 16, 2018] date scheduled for the start of jury selection in the second trial provides [Hodge's] counsel with more than ample time to conduct any further investigation into the allegations and develop any additional defense strategies beyond those already utilized in response to the evidence presented at the first trial.

(Dkt. No. 1315 at 6-8). With the two-week continuance granted by the Court, the 54-day preparation time is now expanded to 68 days—over two months. In sum, the Court rejects Hodge's due process/prejudice argument here as well.

## ORDER

**UPON CONSIDERATION** of "Jose R. Hodge's Motion to Dismiss Counts 3 and 5 of the Second Superseding Indictment" (Dkt. No. 1238), the Government's Opposition thereto (Dkt. No. 1285), and the entire record in this matter, it is hereby

**ORDERED** that "Jose R. Hodge's Motion to Dismiss Counts 3 and 5 of the Second Superseding Indictment" (Dkt. No. 1238) is **DENIED**.

**SO ORDERED**.

Date: April 13, 2018 _____/s/_____
WILMA A. LEWIS
Chief Judge