DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal Action No. 2016-0009-03 |
| ) | |
| JOSE R. HODGE, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

**Attorneys:**
**Denise George, Esq.**
St. Thomas, U.S.V.I.
  *For the Government*

**Renee D. Dowling, Esq.**
St. Croix, U.S.V.I.
  *For the Defendant*

## MEMORANDUM OPINION AND ORDER

**Lewis, Senior District Judge**

THIS MATTER comes before the Court on the Government's "Motion to Authorize Payment from Inmate Trust Account" ("Motion") (Dkt. No. 1943). In its Motion, the Government requests that the Court enter an order "authorizing [the Bureau of Prisons ("BOP")] to turn over to the Clerk of Court $1,300 from Defendant's inmate trust account [("ITA")] to apply towards his outstanding criminal monetary penalty." (Dkt. No. 1943 at 2). Defendant Jose. R. Hodge ("Defendant") did not file any response to the Motion. For the reasons that follow, the Court will grant the Government's Motion.

### I.    BACKGROUND

Defendant was found guilty on June 26, 2018 of one count of Conspiracy to Possess a Controlled Substance with Intent to Distribute and three counts of Attempted Possession of Cocaine with Intent to Distribute, all in violation of 21 U.S.C. §§ 841(a), 841(b)(1)(A)(ii), and

846, and one count of Possession of Cocaine with Intent to Distribute, in violation of of 21 U.S.C. §§ 841(a), 841(b)(1)(A)(ii), and 18 U.S.C. § 2. *Id.* Defendant was sentenced to 20 years of imprisonment and five years of supervised release, and was ordered to pay $10,000 as a criminal monetary penalty and a $500 special assessment. *Id.* at 2.

As of the filing of the instant Motion on July 7, 2021, the Government represented that Defendant had paid a total of $2,238.53 towards the criminal penalty amount, resulting in an outstanding balance of $8,261.47 at that time. *Id.*[1] The Government further represented that it "learned that Defendant ha[d] substantial funds in his [ITA]," and thus it sought "entry of an order authorizing BOP to turn over to the Clerk of Court $1,300 from Defendant's [ITA] to apply towards his outstanding criminal monetary penalty." *Id.* Finally, the Government represented that Defendant is scheduled to be released in November 2032. (Dkt. No 1943 at 2).

## II.    APPLICABLE LEGAL PRINCIPLES

The United States "may enforce a judgment imposing a fine in accordance with the practices and procedures for the enforcement of a civil judgment under Federal law or State law." 18 U.S.C. § 3613(a). "Notwithstanding any other Federal law . . . a judgment imposing a fine may be enforced against all property or rights to property of the person fined," with certain exceptions.[2] *Id.* Further, "[i]f a person obligated to provide restitution, or pay a fine, receives substantial resources from any source, including inheritance, settlement, or other judgment, during a period

---

[1] As of February 12, 2026, the Court understands that Defendant's outstanding criminal penalty balance is $1,603.21.

[2] The exceptions are: (1) "wearing apparel and school books"; (2) "fuel, provisions, furniture, and personal effects"; (3) "books and tools of a trade, business, or profession"; (4) "unemployment benefits"; (5) "undelivered mail"; (6) "certain annuity and pension payments"; (7) "workmen's compensation"; (8) "judgments for support of minor children"; (9) "certain service-connected disability payments"; and (10) "assistance under the Job Training Partnership Act." 18 U.S.C. § 3613(a)(1) (exempting the property listed in 26 U.S.C. § 6334(a)(1)-(8), (10), and (12) from the property against which a fine may be sought).

of incarceration, such person shall be required to apply the value of such resources to any restitution or fine still owed." 18 U.S.C. § 3664(n).

### III. DISCUSSION

The Government states that: (1) "a lien exists on the funds held in Defendant's [ITA] because the fine was imposed as part of his sentence"; (2) it is "not required to rely upon other formal collection remedies such as garnishment or execution in order to obtain these funds"; and (3) "because the property is cash, it does not fall within any applicable categories of exempt property that a defendant may claim in a criminal case." (Dkt. No. 406 at 2-3).

This Court has previously recognized that the Government is "responsible for collection of an unpaid fine" and is using its statutory authority to do so when seeking the authorization of payments from an Inmate's Trust Account ("ITA"). *See United States v. Riviere*, 2022 WL 2751608 at *3 (D.V.I. July 13, 2022) (citing 18 U.S.C. § 3612(c) and cases in support). Indeed, this Court has previously authorized the payment of $1,820—representing approximately 30% of the total amount of $6,027.72 in the account—from an inmate's trust account to be credited to the inmate's outstanding fine balance of $30,537. *Id.* at *1, *3; *see also United States v. Archibald*, 2025 WL 2306222 at *3 (D.V.I. Aug. 8, 2025) (authorizing a payment of 50% of a defendant's ITA up to a maximum amount of outstanding restitution due). Additionally, a panel of the Third Circuit has affirmed a district court's authorization of the type of relief that the Government seeks in this case, including in circumstances where the Court has already provided for the fine to be payable on a quarterly schedule in an amount "equal to 50 percent of the funds deposited into the defendant's inmate trust fund account." *United States v. Rios*, 835 F. App'x 684, 686 & n.2 (3d Cir. 2021).

The Court understands that a criminal penalty amount of $1,603.21 remains outstanding as of February 12, 2026 and that funds in the amount of $1,300 "are already in the Government's possession, and the Government has a valid lien on them." (Dkt. No. 1943 at 3). The Court thus finds that $1,300.00—the total amount that the Government requests to be authorized—is an appropriate amount to be deducted from Defendant's ITA at this time pursuant to the Government's authority to enforce a criminal penalty against Defendant's property. Accordingly, the Court will grant the Government's Motion.

**UPON CONSIDERATION** of the foregoing, it is hereby

**ORDERED** that the Government's "Motion to Authorize Payment from Inmate Trust Account" (Dkt. No. 1943) is **GRANTED**; and it is further

**ORDERED** that the Bureau of Prisons is authorized to turn over to the Clerk of Court, and the Clerk of Court shall accept, funds in the amount of $1,300.00 currently held in the inmate trust account for the following inmate:

> Jose R. Hodge
> Register Number 09900-094
> FCI Sandstone
> 2300 County Rd. 29
> Sandstone, MN 55072

and it is further

**ORDERED** that the Clerk of Court shall apply these funds toward payment for the criminal monetary penalty owed by Defendant Jose. R. Hodge in this case; and it is further

**ORDERED** that the Clerk of Court shall provide a copy of this Memorandum Opinion and Order to Defendant by certified mail, return receipt requested.

**SO ORDERED**.

Date: February 15, 2026                             _____/s/_____
                                                    WILMA A. LEWIS
                                                    Senior District Judge