**DISTRICT COURT OF THE VIRGIN ISLANDS**

**DIVISION OF ST. CROIX**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    **v.**<br><br>JOSE R. HODGE,<br><br>        **Defendant.**<br>_____ | **1:16-cr-00009-RAM-EAH** |

**TO:**   **Denise George, Esq., AUSA**
       **Jose R. Hodge,** *Pro Se*

## REPORT AND RECOMMENDATION

**THIS MATTER** comes before the Court on an Order by Chief District Judge, Robert A. Molloy, dated April 2, 2026, referring (1) the Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (the "§ 2255 Motion"), Dkt. No. 1987, and (2) the Motion for an Order to Show Cause or to Grant the Writ (the "Show Cause Motion"), Dkt. No. 1996, to the undersigned Magistrate Judge for a Report & Recommendation. Dkt. No. 2029. For the reasons that follow, the Court recommends that the Chief District Judge deny the § 2255 Motion. The Court also recommends that, if the Chief District Judge denies the § 2255 Motion, that he deny the Show Cause Motion as moot. If the Chief Judge does not deny the § 2255 Motion, the Court recommends that he determine what relief, if any, to grant what was requested in the Show Cause Motion.

## BACKGROUND

### I.     The § 2255 Motion

On November 26, 2018, following a drug conspiracy jury trial of Defendant Jose R. Hodge and five co-defendants, then-Chief District Judge Wilma A. Lewis entered Judgment in

this case, sentencing Mr. Hodge to, inter alia, 240 months' imprisonment.[1]  Dkt. No. 1719. Mr. Hodge appealed. Dkt. No. 1721. On April 4, 2023, the Third Circuit Court of Appeals affirmed the convictions and sentences of all defendants. *United States v. Burgos-Montanez,* 2013 WL 2770822 (3d Cir. Apr. 4, 2023).

In October 2023, Mr. Hodge, appearing pro se, filed the instant Motion to Vacate under 28 U.S.C. § 2255. Dkt. No. 1987. He raises one claim for ineffective assistance of counsel, asserting that his trial counsel, Renee Dowling, Esq., failed to advocate for him by "not leveraging pertinent national disparity arguments that could have substantiated a plea for a non-guideline sentence." *Id.* at 4. He asserts that counsel bypassed the vital step of referencing Sentencing Commission statistics and data, pursuant to 18 U.S.C. § 3553(a)(6), that guide the Court in establishing a fair sentence and, in doing so, effectively ignored a pillar of the Sentencing Reform Act that seeks to curb unwarranted sentencing disparities. *Id.*

Specifically, Mr. Hodge contends that his 240-month sentence was "significantly higher than the median sentence for similarly situated defendants," given that the median sentence for defendants convicted of conspiracy to possess with intent to distribute a controlled substance under 21 U.S.C. § 846, with a total offense level of 41, is 180 months. His sentence was 60 months longer than that median sentence. *Id.* at 5. He posits that

---

[1] Mr. Hodge was charged in a Superseding Indictment with: Conspiracy to Possess a Controlled Substance with Intent to Distribute (cocaine and marijuana), in violation of 21 U.S.C. §§ 841(a), (b)(1)(A)(ii) and 846; bulk cash smuggling, in violation of 31 U.S.C. § 5332()(1) and 18 U.S.C. § 2; two counts of Attempted Possession of Cocaine with Intent to Distribute, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(ii) and 18 U.S.C. § 2; and Possession of Cocaine with Intent to Distribute, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(ii) and 18 U.S.C. § 2. Dkt. No. 190. He was found guilty on all counts.

counsel's failure to address this disparity deprived him of the opportunity to argue for a more lenient sentence and the District Judge may have been more likely to impose a non-guideline sentence. He concludes that counsel's performance was constitutionally deficient and asks the Court to grant his Motion to Vacate or set an evidentiary hearing and appoint counsel to supplement the record. *Id*. at 6. As an attachment, Mr. Hodge filed his Motion to Vacate on the Court's standard § 2255 form. Dkt. No. 1987-2.

The Government did not respond to Mr. Hodge's § 2255 Motion.

## II.      The Motion for an Order to Show Cause or to Grant the Writ

On August 15, 2024, Mr. Hodge, appearing pro se, filed the Show Cause Motion. Dkt. No. 1996. He asserts that, under 28 U.S.C. § 2255(b), courts must address § 2255 motions expeditiously. He filed his § 2255 Motion in October 2023 and the Court has not yet addressed it, which undermines his right to fair and expeditious review of his claims. *Id*. at 2. He asks the Court to: (1) issue an order directing the United States to show cause why the writ should not be granted; (2) grant the writ based on the records and arguments presented in his motion; or (3) appoint counsel to assist him in obtaining expert services to support his sentencing disparity claim. *Id.*

## DISCUSSION

### I.      Legal Standards

"Motions pursuant to 28 U.S.C. § 2255 are the presumptive means by which federal prisoners can challenge their convictions or sentences that are allegedly in violation of the Constitution." *Okereke v. United States*, 307 F.3d 117, 120 (3d Cir. 2002). Section 2255 allows

*United States v. Hodge*
1:16-cr-00009-RAM-EAH
Report and Recommendation
Page 4

prisoners to collaterally attack their sentences by moving "the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). To prevail on a § 2255 motion, a prisoner must show one of the following: (1) the sentence was imposed in violation of the Constitution or laws of the United States, (2) the court was without jurisdiction to impose the sentence, (3) the sentence was in excess of the maximum authorized by law, or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). If the court finds any of these grounds, the court must vacate the judgment and discharge or resentence the prisoner or grant a new trial as appropriate. *Id.* § 2255(b).

Additionally, federal district courts have a duty to screen and summarily dismiss a § 2255 motion prior to any response by the Government and without a hearing when "it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." Rule 4(b), Rules Governing Section 2255 Proceedings; *see McFarland v. Scott*, 512 U.S. 849, 856 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face"); *United States v. Thomas*, 221 F.3d 430, 437 (3d Cir. 2000) (§ 2255 motion subject to summary dismissal when "none of the grounds alleged in the petition would entitle [the movant] to relief"); *Gov't of V.I. v. Forte*, 865 F.2d 59, 62 (3d Cir. 1989) ("the question of whether to order a hearing is committed to the sound discretion of the district court").

Claims of ineffective assistance of counsel should ordinarily be raised in a collateral proceeding under 28 U.S.C. § 2255. *Massaro v. United States*, 538 U.S. 500, 504 (2003). A movant must establish two elements in order to obtain relief:

*United States v. Hodge*
1:16-cr-00009-RAM-EAH
Report and Recommendation
Page 5

> To establish an ineffective assistance of counsel claim under § 2255, the movant must: (1) prove his counsel's representation was deficient; and (2) demonstrate that the representation "prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). For the representation to be deemed deficient, the Court must find that the performance fell below an objectively reasonable standard of representation. *Id.* at 688-89. "[C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id.* at 668. In determining whether counsel's acts or omissions were "outside the wide range of professionally competent assistance" courts must consider the facts and circumstances of the particular case. *Id.* at 690. To demonstrate prejudice under *Strickland*, the movant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. A court may address the *Strickland* elements in any order. *Id.* at 670. Finally, the movant bears the burden of establishing each of the two prongs by a preponderance of the evidence. *United States v. Serrano*, 798 F. Supp. 2d 634, 641 (E.D. Pa. 2011) (citing *Wright v. United States*, 624 F.2d 557, 558 (5th Cir. 1980)).

*United States v. Samuels*, No. 3:13-cr-0032, 2023 WL 6650322, at *2 (D.V.I. Oct. 12, 2023).

Judicial scrutiny of counsel's performance is highly deferential, and a petitioner must overcome a "strong presumption" that counsel's strategy and tactics "fall[ ] within the wide range of reasonable professional assistance." *Strickland,* 466 U.S. at 689. "Surmounting *Strickland's* high bar is never an easy task." *Padilla v. Kentucky*, 559 U.S. 356, 371 (2010).

## II.    Application

Courts are obligated to consider a number of factors when imposing a sentence, including "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6). Mr. Hodge relies on an unknown source for the proposition that the median sentence for defendants convicted of conspiracy to possess with intent to distribute a controlled substance under 21 U.S.C. § 846 (one of the crimes for which he was convicted) with a total

*United States v. Hodge*
1:16-cr-00009-RAM-EAH
Report and Recommendation
Page 6

offense level of 41 (his total offense level), is 180 months. Dkt. No. 1987 at 5. Given that his

240-month sentence was 60 months longer than the alleged median sentence, he posits that

counsel was ineffective for failing to raise this matter at sentencing because the District Judge

may have imposed a lower, non-Guideline sentence. Dkt. No. 1987 at 5.

At Mr. Hodge's extended sentencing hearing (that started on October 31, 2018, Dkt.

No. 1855, and ended on November 8, 2018, Dkt. No. 1856), the District Judge concluded that

he faced a statutory mandatory minimum sentence of imprisonment of ten years and a

maximum of life. The District Judge also determined that his Guidelines range was 325-to-

405 months (roughly 24 to 27 years), based on his Criminal History Category of I and Total

Offense Level of 41 (finding, after extensive argument, that certain aggravating factors

applied) and after considering each of the 18 U.S.C. § 3553(a) factors. Dkt. No. 1855 at 197-

99; Dkt. No. 1856 at 2-11. Mr. Hodge's counsel argued at length against the application of

aggravating factors and for the application of an extensive (10-level) variance, emphasizing

various mitigating factors and personal characteristics. Dkt. No. 1855 at 35-67, 92-113, 119-

34, 144-57, 164-84, 201-46.

The Court considered counsel's argument and sentenced Mr. Hodge based on a three-

level downward variance from offense level 41 to offense level 38, yielding a 235-to-293-

month range of imprisonment. Dkt. No. 1856 at 6. The District Judge explained in detail why

she believed the selected variance was appropriate, but that the ten-level variance argued

by his counsel was not. *Id.* at 6-11. Thus, contrary to Mr. Hodge's premise in his § 2255

Motion, the District Judge *did* impose a non-Guideline, more lenient sentence by giving the §

*United States v. Hodge*
1:16-cr-00009-RAM-EAH
Report and Recommendation
Page 7

3553(a) factors meaningful consideration, reasonably applying them, determining that a three-level downward variance was appropriate, and then sentencing him at the low end of that lower Guideline range. On this record, counsel's performance cannot be deemed deficient under *Strickland's* first prong. To the contrary, counsel ably represented Mr. Hodge at sentencing within the bounds of her professional obligations and succeeded, to some degree, as evidenced by the below-Guidelines sentence, which was also less than what the Government sought.

The Court also rejects Mr. Hodge's argument that counsel was deficient for failing to argue that an unwarranted sentencing disparity existed because his 240-month sentence was above the 180-month median sentence for defendants convicted of conspiracy to possess with intent to distribute a controlled substance under 21 U.S.C. § 846, with a total offense level of 41. Mr. Hodge refers in passing to Sentencing Commission statistics but provides no documentation for the Court to verify the 180-month number (or a time frame that would confirm that that was the median sentence when he was sentenced in 2018).[2] The 180-month median figure could not be correct in any event because the 2016 Guidelines show that, with a Total Offense Level of 41 and a Criminal History Category of I, a defendant's Guideline sentence would be 324 to 405 months—a sentencing range that is basically double the purported 180-month median sentence cited by Mr. Hodge. His premise that counsel was constitutionally deficient for not arguing unwarranted sentencing disparities is

---

[2] The Court used the 2016 edition of the Sentencing Guidelines Manual, which was in force at the time of sentencing. Dkt. No. 1855 at 196.

*United States v. Hodge*
1:16-cr-00009-RAM-EAH
Report and Recommendation
Page 8

unsupported. *See United States v. Andrews*, No. 04-cr-38-2, 2014 WL 3411478, at *5 (D.V.I. July 14, 2014) ("Since petitioner does not include a copy of the statistical data he contends should have been proffered, the Court lacks any particulars regarding the [comparable] defendants who were sentenced and the crimes they committed.").

His premise is also legally meritless. When considering the sentencing disparities factor of 18 U.S.C. § 3553(a), courts generally focus on whether sentences *higher* than the applicable guideline range comprise disparate sentences, not sentences *lower* than the guideline range. *See, e.g., Tutis v. United States*, No. 22-cv-6138, 2025 WL 3236518, at *17 (D.N.J. Nov. 20, 2025) (opining that a below-guidelines sentence demonstrates that a defendant was treated favorably compared to similarly situated persons, and quoting *United States v. Kluger*, 722 F.3d 549, 568–69 (3d Cir. 2013), holding that "within-guidelines sentences . . . generally do not lead to disparities" in sentences among similarly situated defendants). Mr. Hodge has not shown, legally or factually, that his below-Guidelines sentence constituted a sentencing disparity among defendants with similar records and thus that his counsel's representation was constitutionally deficient for failing to argue that he was sentenced far above the purported median sentence for similarly situated defendants.

Finally, even if the Court considered, for argument's sake, that counsel's failure to introduce evidence of a sentencing disparity constituted deficient performance, Mr. Hodge has not established prejudice. *Strickland*, 466 U.S. at 687.The District Court considered the statutory criteria in determining a sentence that was sufficient but not greater than necessary to comply with the purposes of punishment when it addressed both mitigating

factors as well as numerous facts surrounding the seriousness of the offense, the need to promote respect for the law, and Mr. Hodge's history and characteristics. *See* Dkt. No. 1856 at 6-11. Nothing in the record suggests that advancing a § 3553(a)(6) argument in the manner Mr. Hodge now urges, in addition to the extensive argument offered by counsel, would have changed that sentence, particularly when the District Judge agreed to apply a three-level variance to lower his sentencing range in a carefully modulated articulation of her decision. *See Andrews*, 2014 WL 3411478, at *6–7; *see Thomas v. United States*, No. 19-cv-12501, 2022 WL 4774813, at *10 (D.N.J. Sept. 30, 2022) ("even assuming, however, that defense counsel's performance was objectively unreasonable, Thomas has failed to satisfy prong two of *Strickland*, because there is no reasonable probability that Thomas's sentence would have been different. Thomas essentially argues that but for counsel's performance, his sentence would have been shorter. This blanket assertion is insufficient to establish prejudice. As the Third Circuit found, the sentencing court considered the appropriate statutory criteria in determining the below-Guidelines sentence. Nothing in the record suggests a reasonable probability that the district court would have imposed a different sentence if counsel had emphasized different section 3553(a) factors"); *cf. Rawlins v. United States*, No. 04-cr-154, 2013 WL 6182037, at *4 (D.V.I. Nov. 21, 2013) ("The existence of a sentencing disparity does not automatically suggest a sentence is punitive. Because . . . Rawlins has presented nothing to suggest his sentence was improperly motivated, he has suffered no prejudice, and his objection is without merit.").

*United States v. Hodge*
1:16-cr-00009-RAM-EAH
Report and Recommendation
Page 10

Mr. Hodge has failed to meet his burden of showing that trial counsel was ineffective by failing to raise a § 3553(a)(6) argument at sentencing or that he was prejudiced as a result. Thus, because it plainly appears that defendant is not entitled to relief, the Court recommends that his motion be denied without requiring an answer from the Government or an evidentiary hearing. *See United States v. Hodge*, No. 14-cr-1, 2024 WL 7008228, at *10 (D.V.I. Apr. 1, 2024), *report and recommendation adopted*, 2026 WL 611723 (D.V.I. Mar. 4, 2026). In sum, "[t]here can be no Sixth Amendment deprivation of effective counsel based on an attorney's failure to raise a meritless argument." *United States v. Sanders*, 165 F.3d 248, 253 (3d Cir. 1999).

### III.    Motion for an Order to Show Cause or to Grant the Writ

In October 2024, Mr. Hodge filed a Motion for an Order to Show Cause or to Grant the Writ in which he essentially asked the Court to rule on his § 2255 Motion. Dkt. No. 1996. In particular, he sought various forms of relief in the alternative: (1) issue an order directing the United States to show cause why the writ should not be granted; (2) grant the writ based on the records and arguments presented in his motion; or (3) appoint counsel to assist him in obtaining expert services to support his claims of sentencing disparity. *Id*. at 3. Having addressed the merits of Mr. Hodge's § 2255 Motion, which he will have an opportunity to file objections to before the Chief District Judge addresses the R&R, the Court recommends that if the Chief District Judge dismisses Mr. Hodge's § 2255 Motion, that he deny the Show Cause Motion as moot. If the Chief District Judge does not dismiss the § 2255 Motion, it is

*United States v. Hodge*
1:16-cr-00009-RAM-EAH
Report and Recommendation
Page 11

recommended that he determine at that time whether to grant any of the relief sought in the Show Cause Motion.

### IV.    Certificate of Appealability

A certificate of appealability ("COA") is required for a defendant to appeal a final order denying a motion under 28 U.S.C. § 2255. *Clark v. United States*, 76 F.4th 206, 210 (3d Cir. 2023), *cert. denied* 144 S. Ct. 1382 (2024) (citing 28 U.S.C. § 2253(c)(1)(B)). A district court will issue a certificate of appealability only upon a finding of a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see also Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (a certificate of appealability shall issue only if the petitioner establishes "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling"). As set forth above, Mr. Hodge has failed to make such a showing as to his ineffective assistance of counsel claim. It is therefore recommended that the District Judge deny a certificate of appealability.

CONCLUSION

Accordingly, for the foregoing reasons, **IT IS HEREBY RECOMMENDED** that Mr. Hodge's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, Dkt. No. 1987, be **DENIED**. It is further **RECOMMENDED** that a certificate of appealability be **DENIED**. It is also **RECOMMENDED** that, if the District Judge denies Mr. Hodge's § 2255 Motion, his "Motion for an Order to Show Cause or to Grant the Writ," Dkt. No. 1996, be **DENIED AS MOOT**. If the District Judge does not deny the § 2255 Motion, it is

*United States v. Hodge*
1:16-cr-00009-RAM-EAH
Report and Recommendation
Page 12

**RECOMMENDED** that he then determine what relief, if any, sought in the Show Cause Motion be granted.

Any objections to this Report and Recommendation must be filed in writing within fourteen (14) days of receipt of this notice, 28 U.S.C. § 636(b)(1), and must "specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis of such objection." LRCi 72.3.  Failure to file objections within the specified time shall bar the aggrieved party from attacking such Report and Recommendation before the assigned District Court Judge.  *See, e.g., Thomas v. Arn*, 474 U.S. 140 (1985).

The Clerk of Court shall send a copy of this Report & Recommendation to the pro se Defendant by certified mail, return receipt requested.

ENTER:

Dated: June 9, 2026                              /s/ Emile A. Henderson III
                                                 EMILE A. HENDERSON III
                                                 U.S. MAGISTRATE JUDGE